**Arthur C. ROZELL, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–81–306CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 22, 1983.

Dean J. Johnson, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before JUNELL, MURPHY and DRAUGHN, JJ.

DRAUGHN, Justice.

This is an appeal from a felony conviction for possession of a controlled substance. After a hearing on Appellant's Motion to Suppress and other pre-trial motions, appellant pleaded not guilty, the court found him

guilty and sentenced him to imprisonment for fifteen years and one day.

In his appeal, appellant seeks reversal of his conviction based on six grounds of error, alleging that:

1) he had proper standing to contest the presence of police in the hotel room in question;

2) the arresting officers lacked authority to arrest him;

3) his motion to suppress was erroneously overruled because the police entry into the hotel room was unlawful;

4) the marijuana which served as the basis for his arrest was not in "plain view";

5) the police trespassed in appellant's room for an unconscionable amount or time, during which they obtained additional inculpatory evidence against appellant; and

6) there was insufficient evidence to convict appellant.

We affirm.

On May 11, 1981, Spring Valley Police Sergeant John Greenfield received information that two individuals for whom the police held arrest warrants, James Dennis Lonergan and Erin Ryan, were together at the Ramada Inn Southwest (6855 Southwest Freeway, Houston, Texas). Previously, leaflets depicting photographic descriptions of the two suspects had been distributed to various business establishments, one of which was the Ramada Inn motel. Sergeant Greenfield and other Spring Valley police officers, together with Houston Police Officer R.B. Johnson and other members of the Houston Police Department, went to the Ramada Inn. While most of them maintained surveillance for the two individuals, one of the officers spoke to the front desk manager of the motel, who identified the two as the persons who were in the room which had been rented three days before by a male using the name and driver's license of appellant. When Lonergan attempted to leave the motel by taxicab, he was arrested. In searching him, the police discovered that he possessed the paper receipt driver's license of appellant Arthur Rozell. Upon questioning, Lonergan stated that Erin Ryan was in room 3010, whereupon all of the officers and Lonergan proceeded to the room. From the hallway, Lonergan called out to Ryan, presumably in the room. However, when the door opened, the police did not find her. Instead, they found another male, Jeffrey Flanagan, and a female, Donna Paddy, along with syringes, a packet and spoons containing what appeared to be methamphetamine, all in plain view. The officers secured the room, and Officer Greenfield left to obtain a search warrant.

During the following two hours, several telephone calls were made to the room by a person calling himself "Art." Approximately two hours after Greenfield left, there was a knock at the door. Officer Johnson opened the door, and saw appellant standing outside with a transparent baggie containing what appeared to be marijuana protruding from his shirt pocket. He immediately arrested appellant and searched him, finding a second baggie containing what appeared to be methamphetamine and a driver's license bearing the name "Mark Long." The Houston police laboratory analyzed the contents of the baggies seized from appellant, and determined that the baggies contained marijuana and methamphetamine.

Appellant entered into a stipulation at trial incorporating the suppression hearing testimony of all of the witnesses who had testified. Noteworthy was Lonergan's testimony denying that he rented a room at the Ramada Inn on May 8, denying that Erin Ryan had ever been in the room, and denying that he had possession of appellant's driver's license.

In his second ground of error, appellant alleges that his arrest was unlawful because the evidence failed to show that it occurred within the cities of Houston or Spring Valley. We disagree. TEX.CODE CRIM.PROC.ANN. art. 2.13 (Vernon 1977) states, in part: "It is the duty of every police officer to preserve peace within his jurisdiction." It is well-settled that this

grant of authority to peace officers is limited by the phrase "within his jurisdiction." *See Irwin v. State,* 147 Tex.Cr.R. 6, 177 S.W.2d 970 (1944). The police officers present at appellant's arrest were from Houston and Spring Valley, Texas. Their authority was restricted to the territorial limits of the two cities. The record reflects that the place of appellant's arrest, the Ramada Inn motel, is located at 6855 Southwest Freeway, Houston, Texas. Therefore, the evidence clearly established that the arrest was territorially lawful. Appellant's ground of error two is overruled.

In grounds of error one, three, four, and five, appellant challenges the trial court's denial of appellant's standing to contest the presence of police in the motel room, the trial court's overruling of appellant's motion to suppress, and the trial court's determination that appellant was in a public place at the time of arrest. The key issue in appellant's four grounds is whether the police were legitimately in a position to justify a plain view warrantless arrest and search of appellant. This question has an essential bearing on the admissibility of the evidence discovered on appellant's person.

■ The record reflects that the police possessed arrest warrants for both Lonergan and Ryan, and that Lonergan and a motel employee both informed them that Ryan was in the motel room. Therefore, the police had every right to be in the room. Further, appellant was not even present during the original entry into the motel room, and the two motel employees identified Lonergan, not appellant, as the party who registered at the motel on May 8th, using the name and driver's license of appellant. This view is corroborated by the fact that Lonergan, when arrested and searched, possessed the paper receipt driver's license of appellant. Appellant therefore has no standing to contest the search of another's residence because he neither lived there nor was he present when the search was conducted. *Boone v. State,* 629 S.W.2d 786 (Tex.App.—Houston [14th Dist.] 1981, no pet.). Since he had no possessory rights to the room, appellant would best

have had the legal status of an invitee. He would therefore have no standing to challenge the seizure of the substances from his person merely because the officers were in the room. *See Manry v. State,* 621 S.W.2d 619 (Tex.Cr.App.1981).

■ The record also reflects testimony of the arresting officer, Houston Police Officer R.B. Johnson, that appellant was not physically in the room when arrested: "He stood at the door more or less. He didn't actually walk in or anything." The prevailing test in questions of standing is whether a person has a reasonable expectation of privacy in the place where the search and seizure occurred. *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). This test specifically applies to prosecutions for possession of narcotics. *Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980). Appellant was standing in the hallway of the motel with an exposed baggie of marijuana protruding from his shirt pocket, which anyone in that common area might see. Therefore, appellant's arrest and search were lawful.

The appellant also complains that the two-hour wait by the police in the motel room was clearly excessive, and that the proper procedure would have been to remove the individuals from the room, secure the room, and remain outside until the search warrant was obtained. Additionally, appellant directs our attention to *United States v. Congote,* 656 F.2d 971 (5th Cir. 1981), as support for the proposition that the police use of the motel room telephone was an extension of this unlawful search in an attempt to entice appellant to the room where they could potentially arrest him for possession of the drugs previously found there. However, we distinguish *Congote* from the case at bar. In *Congote,* the Fifth Circuit Court of Appeals held that, while certain acts of government agents may have been illegal, they do not necessarily operate to exclude inculpatory statements of a defendant, who had no legitimate expectation of privacy in an apartment, occupied by third parties, in which he had never been and the address of which he did not

know. In *Congote,* the potentially illegal acts by the agents included the warrantless entrance into the apartment, the arrest of its occupants, and the answering of the apartment telephone. By this latter action, the agents exceeded the U.S. Attorney's prior instructions. All of these acts were carried out where no exigent circumstances existed.

█ In the instant case, however, the police were lawfully in the hotel room of a third party by virtue of the arrest warrants and information given to them. The possession of the arrest warrant and information concerning Erin Ryan gave the police legitimate right to stay in the room. Under these circumstances, we do not find the subsequent conduct of the officers in answering the telephone while waiting approximately two hours for a search warrant to be unreasonable. During this time they were holding Lonergan, Paddy, and Flanagan as well as a controlled substance which was in plain view. The possession by Lonergan of the appellant's driver's license would give the police further probable cause to proceed as they did. We find under these circumstances that appellant had no legitimate expectation of privacy in regard to the motel room rented by Lonergan. Accordingly, appellant's grounds one, three, four and five are overruled.

█ In his sixth ground of error, appellant alleges that the evidence was insufficient to support the conviction. The record reflects that the appellant stipulated to all of the testimony presented at the suppression hearing. This evidence established that appellant possessed methamphetamine. While appellant alleges that the stipulation into which he entered concerned only the testimony of the witnesses who were called to testify at the suppression hearing, it is clear that the exhibits were an integral part of the evidence, and were admitted only after reliable testimony established their materiality and reliability. In addition, the testimony of the arresting officer and the police chemist established the commission of the offense and its offender beyond a reasonable doubt. The stipulation incorporated evidence which was sufficient to sustain the conviction. Appellant's sixth ground of error is overruled.

The judgment is affirmed.