**Javier Antonio RIVERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–86–893–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 30, 1987.

Charles R. Young, Houston, for appellant.

John B. Holmes, Jr., J. Harvey Hudson, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Javier Antonio Rivera (appellant) was convicted of possession of a controlled substance and was sentenced to six years probation and a $1,500 fine. In two points of error, appellant claims that the contraband should have been suppressed because the search warrant was insufficient and the police officers were without authority to make the arrest since the warrant was executed outside their territorial jurisdiction. We overrule appellant's points of error and affirm the judgment of the trial court.

Several police officers from Pasadena Police Department and two police officers from La Porte Police Department obtained a search warrant for appellant's residence. Appellant's residence was located in La Porte, Texas. The Pasadena officers conducted the investigation and were in charge of the arrest. Appellant attached a copy of the search warrant and affidavit to his motion to suppress. The affidavit identi-fied the appellant as in possession of cocaine at his residence. It stated that the officer had identified the appellant and determined that he was in fact at the residence. The information was based on an unnamed source that the officer knew to be credible based upon previous transmittal of accurate information that resulted in arrests of drug offenders. The affidavit identified the source as a user of cocaine. The officers discovered cocaine at appellant's residence. After the trial court overruled appellant's motion to suppress, appellant pleaded no contest. The trial court granted appellant the right to prosecute this appeal.

■ A person attacking the sufficiency of a valid search warrant must show that the warrant and affidavit is insufficient as a matter of law and must see that both are included in the record on appeal. *Ortega v. State*, 464 S.W.2d 876 (Tex.Crim.App.1971). Since appellant failed to have the search warrant and affidavit introduced into evidence, he has waived this point of error. *Irwin v. State*, 441 S.W.2d 203, 205 (Tex.Crim.App.1968), *cert. denied*, 394 U.S. 973, 89 S.Ct. 1454, 22 L.Ed.2d 752 (1969). In any event, we find that the search warrant was sufficient. Hearsay may be a basis to show probable cause. *See Hennessy v. State*, 660 S.W.2d 87 (Tex.Crim.App.1983). The affidavit indicated that the officer had verified much of the information and that the informant had provided reliable information in the past. The credibility of the informant is not destroyed merely because he was a user of cocaine. *See Winkles v. State*, 634 S.W.2d 289 (Tex.Crim.App.1981). Appellant's first point of error is without merit.

■ Appellant complains in his second point of error that the arrest was conducted by Pasadena Police officers who were outside their territorial jurisdiction and thus, unauthorized. Absent a hot pursuit situation, a police officer's jurisdiction ends at the city limits. *Love v. State*, 687 S.W.2d 469 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd); *Irwin v. State*, 147 Tex. Cr.R. 6, 177 S.W.2d 970 (1944); *but see*

**826**

*Lopez v. State*, 652 S.W.2d 512 (Tex.App.—Houston [1st Dist.] 1983, pet. granted) (police officers have county wide jurisdiction to make warrantless arrests); *Angel v. State*, 694 S.W.2d 164 (Tex.App.—Houston [14th Dist.] 1985, pet. granted) (same). If, however, any officer present has jurisdiction during the execution of the warrant and arrest, the arrest and search are lawful. This result was implicit in *Rozell v. State*, 662 S.W.2d 634 (Tex.App.—Houston [14th Dist.] 1983, no pet.), where we stated that the jurisdiction of the officers was restricted to the *cities* from which they were from. *See also Irwin*, 177 S.W.2d at 973 (stating that one of the officers must be from the jurisdiction where the arrest is made in order to make a valid arrest). Any contrary rule would unreasonably bind the hands of law enforcement. Since La Porte officers were present at the issuance of the warrant and arrest, the search was valid. We overrule appellant's second point of error. For the reasons set forth, we affirm the judgment of the trial court.