Florence Ann MEJIA, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–87–807–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 29, 1988.

Mark Vela, Houston, for appellant.

John B. Holmes, Jr., Calvin A. Hartmann, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

CANNON, Justice.

Appellant was indicted for possession of marijuana in excess of 200 pounds. She waived trial by jury and entered a plea of guilty before the trial court. The court found appellant guilty and assessed punishment at ten years confinement, plus a one dollar fine. In her sole point of error, appellant contends the trial court erred in denying her motion to suppress evidence seized pursuant to a search warrant. We affirm.

The search warrant in this case was based on an affidavit prepared by Texas Department of Public Safety investigator Javier Cortinas. Cortinas interviewed Louis Abee, who had been arrested with 264 pounds of marijuana in his possession. Abee told Cortinas the details of his marijuana purchase and that a large quantity of marijuana was hidden in the house where he made his purchase. He also personally directed Cortinas to the location of the house.

Cortinas prepared an affidavit based on this information, and presented it to a magistrate who signed and authorized a search warrant for the house. The officers who executed the warrant discovered 865 pounds of marijuana hidden in the house and arrested appellant and three others.

Appellant filed a motion to suppress the evidence seized as a result of the search warrant's execution. The trial court overruled appellant's motion without holding a hearing.

Cortinas' affidavit reads as follows:

On July 12, 1987, Texas Highway Patrol Trooper Richard Brown arrested Louis Michael Abee and Roger Dale Hagy in Chambers County consequently resulting in the execution of a Controlled Substance Search Warrant on the vehicle Abee and Hagy were occupying and the seizure of approximately 264 pounds of marihuana.

Your affiant interviewed Louis Abee who stated that he (Abee) purchased the marihuana from the above stated Julian—last name unknown, Latin Male approximately 25 years of age, Jessie Pena and Ralph Ramos at the above stated address of 6221 Wenlock St., Houston, Texas. Abee further related that he Abee paid $167,-375.00 for the 264 pounds of marihuana and at the time personally observed an additional 15 to 16 hundred pounds of marihuana secreted in the attic and in the garage in the above described residence. Abee further related that Julian, Jessie Pena, and Ralph Ramos were partners in the marihuana that was secreted at the above described residence.

On July 13, 1987, Louis Michael Abee personally directed your affiant to the above described residence and pointed out the above described residence 6221 Wenlock, Houston as being the same residence where he (Abee) purchased the 264 pounds of marihuana on July 12, 1987, from the aforenamed Julian (last name unknown), Jessie Pena, and Ralph Ramos.

Suspect Louis Michael Abee went on to relate to your affiant that he (Abee) is a marihuana trafficker and has purchased marihuana on at least 11 to 12 times over the past year from the aforenamed Julian, Jessie Pena and Ralph Ramos verying [sic] in amounts from 175 pounds to 264 pounds on each occasion.

Due to the fact that Abee was arrested with approximately 264 pounds of marihuana and to his (Abee) personal admission of being a trafficker in marihuana and to personally pointing out the above described residence, your affiant does believe that marihuana is secreted in the above described residence contrary to the provisions of the law.

Affiant Investigator Javier Cortinas is employed with the Texas Department of Public Safety Narcotics Service. Affiant has been employed in Law Enforcement for approximately 8 years.

Appellant contends the affidavit was vague and defective because the underlying facts upon which Cortinas based his belief that the information was credible or reliable were insufficient. Appellant also maintains that Abee's admission against penal interest did not establish his credibility because he was arrested with marijuana in his possession.

The State argues, as a threshold matter, that the record fails to reflect that appellant has standing to challenge the search warrant. We disagree, although we overrule appellant's point of error.

■ Before challenging a search or seizure on constitutional grounds, a defendant must establish that he had a reasonable expectation of privacy in the place where the search or seizure occurred. Those charged with crimes of possession may only claim the benefits of the exclusionary rule if their own Fourth Amendment rights have in fact been violated. *United States v. Salvucci*, 448 U.S. 83, 85, 100 S.Ct. 2547, 2549, 65 L.Ed.2d 619 (1980). The defendant bears the burden of establishing this claim. *Rakas v. Illinois*, 439 U.S. 128, 139–40, 99 S.Ct. 421, 428, 58 L.Ed.2d 387 (1978); *Wilson v. State*, 692 S.W.2d 661, 669 (Tex.Crim.App.1984) (opinion on state's motion for rehearing). This test specifically applies to prosecutions for the possession of illegal drugs. *Rawlings v. Kentucky*, 448 U.S. 98, 104–05, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1980); *Rozell v.*

*State*, 662 S.W.2d 634, 637 (Tex.App.—Houston [14th Dist.] 1983, no pet.).

■ The State is permitted to raise the issue of standing for the first time on appeal. *Wilson*, 692 S.W.2d at 669. Furthermore, the reviewing court may properly sustain the trial court's denial of a motion to suppress on the ground that the evidence failed to establish standing as a matter of law, even though the record does not reflect that the issue was raised by the parties or considered by the trial court. 692 S.W.2d at 671.

■ In her guilty plea, appellant admitted being an active participant in the offense, and stated that she was living at 6221 Wenlock at the time of her arrest. The record reflects that she had a reasonable expectation of privacy in the searched premises.

However, the record also supports a finding that the affidavit contained sufficient information to allow the magistrate to find probable cause to issue the search warrant. Appellant incorrectly relies on the *"Aguilar-Spinelli"* test [1] for her contention that Abee was not a credible informant. Appellant contends that Abee's admission that he was a drug trafficker was "superfluous" in light of the fact that he was arrested in possession of a large amount of marijuana. Appellant also contends that some corroboration of Abee's information was necessary to establish his trustworthiness and reliability.

The United States Supreme Court abandoned the *Aguilar–Spinelli* standard in favor of a more flexible "totality of the circumstances" analysis in *Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). This analysis was adopted in Texas in *Hennessy v. State*, 660 S.W.2d 87, 89–90 (Tex.Crim.App. [Panel Op.] 1983). In light of all the circumstances surrounding the making of the affidavit in this case, the issuing magistrate was justified in finding the informant's statements credible and reliable.

1. *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

**38**

■

■ When an affidavit contains information from a named informant, the affidavit will be sufficient if the information given is sufficiently detailed so as to suggest direct knowledge on the informant's part. *Wilkerson v. State*, 726 S.W.2d 542, 545 (Tex.Crim.App.1986). In the present case, Abee provided information which indicated he had personal knowledge of the matters asserted. He gave the affiant the names of the men from whom he had purchased marijuana on several occasions, pointed out the house where the transactions took place, and described where marijuana was hidden in the house.

Furthermore, Abee's credibility was reinforced when he admitted to being a drug trafficker. An admission against penal interest, even by a first-time informant, is a factor indicating reliability. *United States v. Harris*, 403 U.S. 573, 583–84, 91 S.Ct. 2075, 2081–82, 29 L.Ed.2d 723 (1971); *Hennessy*, 660 S.W.2d at 91; *Abercrombie v. State*, 528 S.W.2d 578, 584 (Tex.Crim.App. 1974).

■ Appellant contends that because Abee's admission against penal interest came after he was arrested with a large amount of marijuana, it lacked credibility needed to justify the issuance of a search warrant. This situation appears to present a case of first impression under Texas law. However, other jurisdictions have held that even an informant who is caught red-handed and admits participation in a criminal activity may be considered reliable. *See State v. Mosley*, 412 So.2d 527, 531–32 (La. 1982); *Commonwealth v. Norris*, 6 Mass. App. 761, 383 N.E.2d 534, 539 (1978).

In the present case, Abee's information was contemporaneous with his admission; there was little time or opportunity for him to fabricate a story. His tip focused on specific individuals. Abee also showed the affiant the location of the house where he bought the marijuana. His incentive to be truthful was reinforced by the realization that because he faced prosecution himself, any discrepancies in his story "might go hard with him." *Mosley*, 412 So.2d at 531, (quoting *Wong Sun v. United States*, 371 U.S. 471, 500, 83 S.Ct. 407, 424, 9 L.Ed.2d

441 (1963) (Clark, J., dissenting); *Norris*, 383 N.E.2d at 539.

Considering all of the relevant circumstances, we hold that the affiant had a reasonable basis for concluding that Abee's information was reliable and was obtained by personal observation. Therefore, probable cause existed to issue the search warrant. Appellant's point of error is overruled.

The judgment is affirmed.