NO. 07-07-0296-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 20, 2008
_____

JOHN ERIC TREVINO,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 33RD DISTRICT COURT OF SAN SABA COUNTY;

NO. 5523; HON. GUILFORD L. JONES III, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant John Eric Trevino appeals his conviction for possessing a controlled substance (methamphetamine) with intent to deliver in a drug free zone. On appeal, he contends the affidavit used to obtain a search warrant authorizing the search of his residence failed to establish probable cause. It purportedly failed to establish probable cause since it did not establish the reliability of the named informant. We affirm the conviction.

*Standard of Review*

A search warrant may not be issued unless sufficient facts are presented to a magistrate which permit him to conclude that probable cause exists supporting the warrant's issuance. TEX. CODE CRIM. PROC. ANN. art. 18.01(b) (Vernon Supp. 2007). Furthermore, the facts must be contained in a "sworn affidavit" accompanying the application for the warrant and illustrate 1) that a specific offense was committed, 2) that the specifically described property or items to be sought and seized constitute evidence of that offense or evidence that a particular person committed the offense, and 3) that the property or items in question are located at or on the particular person, place, or things to be searched. *Id.* art. 18.01(c). Whether the facts mentioned in the affidavit are adequate to establish probable cause depends on the totality of the circumstances, *Ramos v. State,* 934 S.W.2d 358, 362-63 (Tex. Crim. App. 1996), and those circumstances must appear in the four corners of the affidavit. *Cates v. State,* 120 S.W.3d 352, 355 n.3 (Tex. Crim. App. 2003). To be enough, the facts must permit the party issuing the warrant to reasonably conclude that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 517 (1983). And, in reaching his decision, the magistrate may draw reasonable inferences from the facts and circumstances alleged. *Ramos v. State,* 934 S.W.2d at 363. Finally, we do not review the decision *de novo*; rather the trial court's ruling is accorded deference. *Swearingen v. State,* 143 S.W.3d 808, 811 (Tex. Crim. App. 2004).

*Application of the Standard*

The dispute before us concerns the reliability of the informant who provided the facts alleged in the affidavit. The informant, Delfina Flores, had been arrested by officer

Allen Brown for possessing methamphetamine and marijuana the same day Brown executed the affidavit seeking a warrant. According to Flores, appellant had given her methamphetamine to sell at her place of work. She had picked the drugs up at appellant's residence two days earlier at 11:00 p.m. So too did she disclose that appellant had more drugs and drug paraphernalia at his residence when she left, that appellant contacted her by phone the next day to tell her he had bought more narcotics for her to sell, that she sold between $200 and $400 worth of narcotics a day for appellant, and that appellant's roommate, Dustin Taliferro, also delivered controlled substances to her from the same residence. This information provided the magistrate substantial basis to believe Flores was credible for the following reasons.

First, the magistrate was not dealing with an unnamed informant. Flores was identified as the informant and described where and when she acquired the drugs from appellant and his roommate, how appellant used her to sell drugs, and the value of the drugs she would sell on a daily basis. *See Matamoros v. State,* 901 S.W.2d 470, 478 (Tex. Crim. App. 1995) (stating that where the informant is named, the affidavit is enough to establish probable cause if it is sufficiently detailed to suggest direct knowledge on the informant's part). Second, Flores inculpated herself as a drug dealer. *Marsh v. State,* Nos. 07-06-0263-CR & 0264-CR, 2007 Tex. App. LEXIS 2931 at *6 (Tex. App.–Amarillo April 17, 2007, pet. ref'd) (memorandum opinion) (recognizing that statements against penal interests may in and of themselves serve to establish the reliability or credibility of the informant).

Third, the informant did not simply describe a one-time deal; rather, she disclosed an ongoing criminal business between herself, appellant, and the roommate which

3

encompassed not only the place whereat she acquired the drugs, but also the locale whereat she sold them and the amount she sold on a daily basis. And, it is this latter circumstance that distinguishes our situation from that in *State v. Wester,* 109 S.W.3d 824 (Tex. App.–Dallas 2003, no pet.). In *Wester*, the informant was not part of a continuing criminal enterprise. Nor did he inculpate more than himself and the defendant. Indeed, the *Wester* court noted the lack of these circumstance when distinguishing its circumstances from those in *Mejia v. State*, 761 S.W.2d 35 (Tex. App.–Houston [14th Dist.] 1988, pet. ref'd) (wherein the informant was deemed credible since, among other things, he gave the names of the people from whom he repeatedly bought the drugs).

Finally, the affidavit included a description of the house from which the drugs were obtained, the motor vehicles which would be found adjacent to the house, and the identity of those who owned the vehicles. The latter owners happened to coincide with the individuals who supplied Flores her inventory.

Simply put, the factual recitations within the affidavit were enough to "suggest direct knowledge on the informant's part." *Matamoros v. State*, 901 S.W.2d at 478. Thus, the trial court was justified in concluding that Flores was credible.

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.


4