

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-15-00450-CR

---

RAUL (RUDY) GONZALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 287th District Court
Bailey County, Texas
Trial Court No. 2874, Honorable Gordon Houston Green, Presiding

---

October 25, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Raul (Rudy) Gonzales appeals from his conviction by jury of possession of methamphetamine in a drug-free zone[1] and the resulting twenty-five year sentence. On appeal, he contends the trial court erred by denying his motion to suppress because the affidavit in support of the search warrant to search his home failed to establish the unnamed cooperating individual involved was reliable and credible. We will affirm the trial court's judgment.

---

[1] TEX. HEALTH & SAFETY CODE ANN. §§ 481.115, 481.134 (West 2016).

Background

At the trial court's hearing on appellant's motion to suppress evidence obtained during a search of his residence, the State introduced into evidence a search warrant for appellant's home located in Muleshoe, Texas and the affidavit on which the warrant was based. The affidavit was prepared by a Bailey County sheriff's deputy with four years' experience as a peace officer. The deputy swore that a "cooperating individual," the identity of whom was confidential, had been stopped for a traffic violation in Muleshoe within the previous 72 hours. Found to be in possession of methamphetamine, the informant reported he had purchased the drug from appellant at appellant's home in Muleshoe a few minutes before.[2] The affidavit described the residence and gave its address in Muleshoe.

After a local magistrate signed a warrant to search the residence for methamphetamine, officers executing the warrant found 2.81 grams of

---

[2] The affidavit's language bearing on the credibility of the informant states:

Within the last 72 hours of May 25, 2014, a traffic stop was conducted in Muleshoe, Texas, involving a Cooperating Individual (CI), whose identity shall remain confidential for security reasons. The CI, who was found to be in possession of methamphetamine, advised that he had been inside the suspected place and premise where he had observed and purchased methamphetamine.

The Cooperating Individual is familiar with methamphetamine and can identify methamphetamine due to the Cooperating Individual's past history of purchasing, using, and selling methamphetamine. The Cooperating Individual has proven himself to be credible and reliable by giving a statement against his penal interest admitting to being in possession of the methamphetamine. The CI advised that the methamphetamine found in his possession during the traffic stop was purchased from the suspected party at the suspected place and premise a few minutes before the traffic stop.

methamphetamine there. Appellant was subsequently arrested and charged with possession of that methamphetamine. After the trial court denied appellant's motion to suppress, a jury found appellant guilty as charged and punishment was assessed as noted. This appeal followed.

Analysis

In his sole point of error, appellant contends the search warrant affidavit failed to establish the credibility and reliability of the unnamed informant.

A magistrate "may not issue a search warrant without first finding 'probable cause' that a particular item will be found in a particular location." *State v. Duarte,* 389 S.W.3d 349, 354 (Tex. Crim. App. 2012) (citation omitted).[3] The test is "whether a reasonable reading by the magistrate would lead to the conclusion that the four corners of the affidavit provide a 'substantial basis' for issuing the warrant." *Id.* Probable cause exists when, "under the totality of the circumstances, there is a 'fair probability' that contraband or evidence of a crime will be found at the specified location. This is a flexible, nondemanding standard. Neither federal nor Texas law defines precisely what degree of probability suffices to establish probable cause, but a magistrate's action cannot be a mere ratification of the bare conclusions of others." *Id.* (citations omitted). Courts must "continue to conscientiously review the sufficiency of affidavits on which warrants are issued." *Id.* (citation omitted).

A review "of the constitutionality of a search warrant should begin with the rule that 'the informed and deliberate determinations of magistrates empowered to issue

---

[3] *See* U.S. CONST. AMEND. IV; TEX. CONST. art. I, § 9; TEX. CODE CRIM. PROC. ANN. art. 1.06 (West 2015).

warrants . . . are to be preferred over the hurried action of officers . . . who may happen to make arrests.'" *Id.* (citation omitted). Therefore, "even in close cases we give 'great deference' to a magistrate's determination of probable cause to encourage police officers to use the warrant process rather than make warrantless searches and later attempt to justify their actions by invoking consent or some other exception to the warrant requirement." *Id.* (citations omitted). Reviewing the supporting affidavit "realistically, and with common sense," a reviewing court must uphold the magistrate's decision as long as the magistrate had a "substantial basis for concluding that probable cause existed." *Id.* The focus is on the combined logical force of the facts stated in the affidavit rather than on facts that are not stated. *Id.* (*citing Rodriguez v. State,* 232 S.W.3d 55, 61 (Tex. Crim. App. 2007)). The reviewing court must also permit the magistrate to draw reasonable inferences. "When in doubt, we defer to all reasonable inferences that the magistrate could have made." *Rodriguez,* 232 S.W.3d at 61 (citations omitted).

The magistrate's evaluation of the totality of the circumstances presented by an affidavit includes consideration of the veracity and basis of knowledge of persons supplying hearsay information repeated in the affidavit. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). Such factors are "highly relevant" to the magistrate's determination of the value of the informant's report. *Id.* at 230. Further, a magistrate may consider a deficiency in one factor to be compensated for by a "strong showing as to the other, or by some other indicia of reliability." *Id.* at 233.[4]

---

[4] The court in *Duarte,* 389 S.W.3d at 356, quoted *Gates* regarding the interplay between an informant's reliability and the stated basis of the informant's knowledge:

4

Virtually all the information contained within the affidavit before us that would support probable cause came from the confidential informant. Although the informant was not anonymous, because his identity was known to officers,[5] it seems undisputed that the affidavit presents him as a first-time confidential informant. And, because of the circumstances under which he provided his information, he is not to be considered inherently reliable as a "citizen informant."[6] Tips from "anonymous or first-time confidential informants of unknown reliability must be coupled with facts from which an inference may be drawn that the informant is credible or that his information is reliable." *Duarte,* 389 S.W.3d at 357.

We first note that the informant's stated basis for the knowledge he represented to the affiant was first-hand, not based on rumor or hearsay. *See United States v. Fisher*, 22 F.3d 574, 579 (5th Cir. 1994) (noting affidavit reflected first-hand basis of confidential informant's knowledge); *Hegdal v. State,* 488 S.W.2d 782, 785 (Tex. Crim. App. 1973) (observing that affidavit there "goes far beyond the affiant's mere suspicion or his repetition of another's mere suspicion . . . [t]he affidavit reflects that the informer

if an unquestionably honest citizen comes forward with a report of criminal activity—which if fabricated would subject him to criminal liability—we have found rigorous scrutiny of the basis of his knowledge unnecessary. Conversely, even if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles his tip to greater weight than might otherwise be the case.

462 U.S. at 233-34 (citations omitted).

[5] *Cf. Gates,* 462 U.S. at 227 (anonymous letter received by police).

[6] "Citizen informants are considered inherently reliable; confidential informants are not." *Duarte,* 389 S.W.3d at 357 (citations omitted).

5

had personally observed the drug…"). The informant had a quantity of methamphetamine in his possession and stated he bought it from appellant at his residence in Muleshoe "a few minutes before the traffic stop." The informant related that he was familiar with methamphetamine from his history of "purchasing, using and selling" the drug, and had "observed" methamphetamine inside the residence.

The description of the wrongdoing the informant provided was less "explicit and detailed," *Gates,* 462 U.S. at 233-34, than is sometimes seen in similar drug-purchase cases. *See, e.g., State v. Wester,* 109 S.W.3d 824, 826 (Tex. App.—Dallas 2003, no pet.) (finding no error in trial court's suppression of evidence where cooperating individual admitted to officers he bought marijuana just before traffic stop from appellant at appellant's house but affidavit failed to provide additional facts such as previous drug transactions, location of drugs in the house or any information about house's layout). The informant's statement, however, conveyed the "who, what, where and when" essentials of the transaction so as to adequately demonstrate the basis for his knowledge.

As noted, appellant focuses his challenge to the court's ruling on a contention the affidavit did not provide facts permitting the magistrate to infer the informant was credible. The State responds that the informant's statements against his penal interest demonstrated his credibility. *See Duarte,* 389 S.W.3d at 356-57 (listing statements against penal interest among factors supporting informant's credibility); *Mejia v. State,* 761 S.W.2d 35, 37 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd) (citations omitted) (search warrant affidavit sufficiently established reliability and credibility of named

6

informant where it indicated informant made declaration against penal interest).[7] The informant here admitted to being in possession of the methamphetamine. We agree with the State the magistrate could have seen his admission as one against his penal interest even though the affidavit also states the informant "was found to be in possession of methamphetamine." As the court in *Mejia* observed, courts in other states have held that "even an informant who is caught red-handed and admits participation in a criminal activity may be considered reliable." *Mejia,* 761 S.W.2d at 38 (citations omitted). *But see Wester,* 109 S.W.3d at 826 (questioning weight to be given, as statement against penal interest, of suspect's acknowledgement that drugs were his when police had already found drugs). We find also that the magistrate could have read the affidavit to indicate that the informant was the source of the information stating his "past history of purchasing, using and selling methamphetamine." The informant's acknowledgement of that information also can be seen as statements contrary to his penal interest, further supporting the informant's credibility.

The affidavit states the informant's methamphetamine was found in his possession "during the traffic stop." We think that, from the affidavit's tenor, the magistrate reasonably could have inferred that the informant's acknowledgement of his possession of the drug and his statement he bought it from appellant also occurred at the time of the traffic stop. The informant thus had little time or opportunity to fabricate a story regarding the source of his methamphetamine. The magistrate could have seen this circumstance also as adding to the credibility of the statement. *See Linares v. State,* Nos. 14-00-0219-CR, 14-00-0220-CR, 14-99-1360-CR, 14-99-1361-CR, 2000

---

[7] *See generally United States v. Harris*, 403 U.S. 573, 583-84, 91 S. Ct. 2075, 29 L. Ed. 2d 723 (1971).

Tex. App. LEXIS 7882 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (mem. op., not designated for publication) (*citing Mejia,* 761 S.W.2d at 36) (finding information trustworthy because it contained statement against penal interest, made with little time or opportunity for fabrication, and provided name of specific individual).

Our duty is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Gates,* 462 U.S. at 238-39. We consider this a close case. But having in mind the great deference we owe a magistrate's determination of probable cause, we find the affidavit here gave the magistrate reason to find the informant's statements credible, and, considering all the circumstances, a substantial basis to conclude there was a fair probability that methamphetamine would be found at appellant's residence. We agree with the trial court in its denial of appellant's motion to suppress the evidence, and so resolve appellant's sole issue against him.

Conclusion

Having overruled appellant's sole issue, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.