# NO. 12-23-00268-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT SEBASTIAN HOUSTON,*<br>*APPELLANT* | § | *APPEAL FROM THE 411TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *TRINITY COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Robert Sebastian Houston, appeals his convictions for possession of a controlled substance. In two issues, he challenges the trial court's denial of his motion to suppress evidence. We affirm.

## BACKGROUND

On September 21, 2020, Deputy Richard Harrelson of the Trinity County Sheriff's Office carried out a traffic stop of Matthew Smith during which Smith admitted that he was in possession of methamphetamine. Sergeant Jeremy Alexander joined in the traffic stop and began speaking with Smith, who said that he did not want to go to jail but wanted "help." Alexander explained that Smith could receive help while incarcerated, and administered *Miranda* warnings to Smith, after which Smith affirmed that he wished to continue speaking to law enforcement. Alexander questioned Smith about where, and from whom, he purchased the methamphetamine. Smith responded that he purchased the drugs five to ten minutes before from a person known as "Pony," who lived in a white trailer home located on Rockdale Street. Smith explained that immediately after he entered the house, "Pony" went into his bedroom to retrieve the drugs,

weighed the methamphetamine in front of Smith, and put it into a plastic bag. Smith paid $75.00 for "a little over a gram." Further, Smith saw two vehicles located near the residence, including one unspecified inoperable vehicle "to the left of the house" and a tan or gold SUV. Sergeant Alexander knew that Appellant was known as "Pony," and knew where Appellant lived on Rockdale Street. That night, Alexander drove by Appellant's residence, and noted the presence of "the vehicle that Smith said was to the left of the house," as well as "another vehicle," which he could not see clearly because it was dark.

Therefore, Alexander sought a search warrant for that residence. The probable cause affidavit attached to the search warrant states, in pertinent part, that (1) there is a residence in Trinity County in which narcotics and affiliated paraphernalia are being stored and concealed; (2) it is believed that a suspected criminal offense had been committed, i.e., possession of a controlled substance; (3) he received information from Matthew Smith about his purchase of narcotics from a person known as "Pony" at a specific house; (4) Alexander knew that Appellant was known as "Pony" from previous encounters with him as a law enforcement officer; (5) Alexander knew which residence on Rockdale Street belonged to Appellant because he previously arrested Appellant at that address for delivery of methamphetamine; (6) Alexander subsequently described the residence to Smith and confirmed that was where Smith purchased the narcotics; and (7) Appellant is a "known drug dealer."

On September 21, after obtaining a search warrant, police executed the warrant at Appellant's residence and located quantities of methamphetamine and cocaine, both substances in an amount greater than four grams but less than two hundred grams. Subsequently, Alexander informed Appellant that he found narcotics in the home, advised Appellant of his *Miranda* rights, and inquired whether there were any more narcotics in the residence. Appellant affirmed that Alexander located all the narcotics present.

Appellant was indicted for the offenses of possession of a controlled substance – methamphetamine, in an amount greater than four grams but less than two hundred grams, and possession of a controlled substance – cocaine, in an amount greater than four grams but less than two hundred grams. Subsequently, Appellant moved to suppress both the physical evidence located during Alexander's search of his residence and the statements Appellant made to law enforcement during the search regarding his possession of the drugs.

2

After jury selection but before the presentation of evidence began, the trial court held a hearing on Appellant's motion to suppress, at which both Sergeant Alexander and Smith testified. At the conclusion of the hearing, the trial court denied Appellant's motion to suppress and the jury trial of this matter proceeded. The jury found Appellant "guilty" of both charged offenses. Appellant elected to have the judge assess punishment, and the trial court imposed a sentence of fifteen years' imprisonment. This appeal followed.

## MOTION TO SUPPRESS EVIDENCE

In two issues, Appellant contends that the trial court erred in denying his motion to suppress because Sergeant Alexander's affidavit did not include sufficient information to establish probable cause, rendering the subsequent search of his residence illegal and the evidence obtained thereby inadmissible.

### Standard of Review

Both the United States and Texas Constitutions provide that a search warrant must be based on probable cause supported by oath or affirmation. *See* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. Probable cause exists when, under the totality of the circumstances, there is a fair probability or substantial chance that contraband or evidence of a crime will be found at the specified location. *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010) (citing *Illinois v. Gates*, 462 U.S. 213, 238, 244 n. 13, 103 S. Ct. 2317, 76 L.Ed.2d 527 (1983)). It is a flexible and nondemanding standard. *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007).

While an appellate court typically reviews a trial judge's motion-to-suppress ruling under a bifurcated standard, a trial court's determination whether probable cause exists to support a search warrant's issuance is constrained solely to the affidavit's four corners. *Bonds v. State*, 403 S.W.3d 867, 873 (Tex. Crim. App. 2013). When we review a magistrate's decision to issue a warrant, we apply a highly deferential standard of review because of the constitutional preference for searches conducted pursuant to a warrant over warrantless searches. *Swearingen v. State*, 143 S.W.3d 808, 810–11 (Tex. Crim. App. 2004). Provided the magistrate had a substantial basis for concluding that probable cause existed, we will uphold the magistrate's probable-cause determination. *Bonds*, 403 S.W.3d at 873. The magistrate may interpret the affidavit in a non-technical, common-sense manner and may draw reasonable inferences solely from the facts and circumstances contained within the affidavit's four corners. *State v. Jordan*,

342 S.W.3d 565, 569 (Tex. Crim. App. 2011); *see also* **Gates**, 462 U.S. at 238, 103 S. Ct. at 2332 (magistrate is allowed to make practical, common-sense decision, given all circumstances set forth in the affidavit, including "veracity" and "basis of knowledge" of persons supplying hearsay information.). Appellate courts should not invalidate a warrant by interpreting the affidavit in a hypertechnical, rather than a common-sense, manner. **State v. McLain**, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). When in doubt, the appellate court should defer to all reasonable inferences that the magistrate could have made. **Id.**

## Applicable Law

When an affidavit contains information from a named informant, the affidavit will be sufficient if the information given is sufficiently detailed so as to suggest direct knowledge on the informant's part. **Matamoros v. State**, 901 S.W.2d 470, 478 (Tex. Crim. App. 1995). There are, however, varying degrees of credibility with respect to informants. For instance, where a named informant is a private citizen whose only contact with the police is a result of having witnessed a criminal act committed by another, the credibility and reliability of that information is inherent. **Esco v. State**, 668 S.W.2d 358, 360–61 (Tex. Crim. App. [Panel Op.] 1982); **Tribble v. State**, 792 S.W.2d 280, 284 (Tex. App.—Houston [1st Dist.] 1990, no writ). The citizen-informer is presumed to speak with the voice of honesty and accuracy. **State v. Duarte**, 389 S.W.3d 349, 356 (Tex. Crim. App. 2012). By contrast, "the criminal snitch who is making a quid pro quo trade does not enjoy any such presumption; his motive is entirely self-serving." **Id.**

Probable cause generally exists if the information given by the informant "is corroborated, is a statement against penal interest, is consistent with information provided by other informants, is a detailed first-hand observation, or is coupled with an accurate prediction of the subject's future behavior." **Jimenez v. State**, No. 14-19-00009-CR, 2020 WL 4092204, at *6 (Tex. App.—Houston [14th Dist.] July 21, 2020, pet. ref'd) (mem. op., not designated for publication) (citing **Duarte**, 389 S.W.3d at 356). The probable cause affidavit should set forth the foundation for an officer's belief in an informant's credibility and veracity, however, a deficiency in one may be compensated by a strong showing as to the other. **Gates**, 462 U.S. at 233, 103 S. Ct. at 2329; **Davis v. State**, 144 S.W.3d 192, 197 (Tex. App.–Fort Worth 2004, pet. ref'd). Moreover, the failure to allege prior reliability is generally not a fatal defect in an affidavit. **Jones v. State**, No. 05-19-00082-CR, 2020 WL 5056118, at *10 (Tex. App.—Dallas

4

Aug. 27, 2020, pet. ref'd) (mem. op., not designated for publication) (citing **Doescher v. State**, 578 S.W.2d 385, 388 (Tex. Crim. App. [Panel Op.] 1978)).

**Analysis**

Solely considering the information within the four corners of Sergeant Alexander's affidavit, the magistrate had before it an affidavit that explained Alexander's belief that the criminal offense of possession of a controlled substance occurred inside Appellant's residence. The affidavit further states that Alexander received from Smith information about Appellant's sale of methamphetamine at his residence and describes the circumstances in which Smith provided the information (namely during the pendency of Smith's own arrest). Smith described his very recent purchase of the methamphetamine from Appellant (including the amount he paid for same), identified Appellant's residence by approximate location and physical description, and informed law enforcement about the approximate location within the home where Appellant stored the narcotics. This supports a reasonable inference that drugs were being sold out of Appellant's house, and that there was a high probability that additional drugs were at the residence. *See, e.g.*, **Cobbs v. State**, No. 09-10-00490-CR, 2011 WL 3925672, at *4–5 (Tex. App.—Beaumont Aug. 24, 2011, pet. ref'd) (mem. op., not designated for publication) ("An affidavit that states an informant purchased contraband at a stated residence gives rise to an inference that contraband was inside the residence and may establish probable cause to support a warrant.").

Although the affidavit did not include an express allegation that Smith was credible and there was no direct corroboration of Smith's information by the police, Smith was a named informant, and the magistrate could have found his information recent and detailed enough to suggest that he had direct knowledge sufficient for a probable cause determination. *See* **Matamoros**, 901 S.W.2d at 478; *see also* **Dixon v. State**, 206 S.W.3d 613, 617 (Tex. Crim. App. 2006) ("An informant's first-hand observation of criminal activity provides a strong basis for the informant's knowledge of the facts he relays."); **Rivas v. State**, 446 S.W.3d 575, 580–81 (Tex. App.—Fort Worth 2014, no pet.) (credibility need not be independently established when no confidential informant is used). Further, the affidavit provides a foundation for Alexander's belief in the veracity of Smith's information by setting forth ways in which said information aligned with Alexander's personal knowledge from prior dealings with Appellant. Smith's reliability was also supported by his actions and statements against his penal interests by

admitting to having methamphetamine and conceding he bought it from Appellant. *See Gardner v. State*, No. 13-20-00098-CR, 2020 WL 7549888, at *6 (Tex. App.—Corpus Christi Dec. 22, 2020, no pet.) (mem. op., not designated for publication) (citing *Mejia v. State*, 761 S.W.2d 35, 38 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd) ("An admission against penal interest, even by a first-time informant, is a factor indicating reliability.")); *see also United States v. Buckley*, 4 F.3d 552, 554, 556–57 (7th Cir. 1993) (informant—who wanted to curry favor with officer who pulled her over for a traffic violation and discovered cocaine—spoke against her penal interest when admitting she purchased cocaine from defendants, and such actions indicated credibility); *see also Gonzales v. State*, No. 07-15-00450-CR, 2016 WL 6242828, at *3 (Tex. App.—Amarillo Oct. 25, 2016 pet. ref'd) (mem. op., not designated for publication) (informant's admission that he possessed methamphetamine and purchased it from appellant were statements against penal interest that supported informant's reliability).

In consideration of the great deference we owe a magistrate's determination of probable cause, we conclude that the affidavit here gave the magistrate reason to find Smith's statements to Alexander credible, and considering all the circumstances, a substantial basis to conclude there was a fair probability that illegal narcotics would be found at Appellant's residence. Consequently, the trial court did not err by denying Appellant's motion to suppress. We overrule Appellant's first and second issues.

<u>DISPOSITION</u>

Having overruled both of Appellant's issues, we ***affirm*** the judgment of the trial court.

<u>GREG NEELEY</u>
Justice

Opinion delivered April 3, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 3, 2024**

**NO. 12-23-00268-CR**

**ROBERT SEBASTIAN HOUSTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 411th District Court

of Trinity County, Texas (Tr.Ct.No. 11216)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*