In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00051-CR


______________________________




THE STATE OF TEXAS, Appellant



V.



JOHN EDWARD HILL, Appellee



 


On Appeal from the 402nd Judicial District Court


 Wood County, Texas


Trial Court No. 20,504-2008




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 This case revolves around a search warrant that authorized officers to search the Wood
County residence of John Edward Hill (1) for methamphetamine. (2) The warrant was issued based on
a single affidavit (3) that named none of the various informants and did not recite that any of the
unnamed informants had provided reliable information in the past. (4) The affidavit did, however,
provide a number of allegations suggesting that the drug might be found in the residence. The trial
court granted Hill's motion to suppress (5) the methamphetamine and drug paraphernalia that were
found in the residence, and the State appeals. (6) Because the trial court did not abuse its discretion in
suppressing the evidence, (7) we affirm that ruling.

 A trial court's ruling on a motion to suppress evidence lies within its sound discretion. 
Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Carter v. State, 150 S.W.3d 230,
235 (Tex. App.--Texarkana 2004, no pet.). We will uphold the trial court's ruling if it is reasonably
supported by the record and is correct on any theory of law applicable to the case. Villarreal, 935
S.W.2d at 138 (citing Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990)).

 In our review of search-warrant affidavits, great deference is given to the magistrate's
determination of the existence or absence of probable cause. Swearingen v. State, 143 S.W.3d 808,
811 (Tex. Crim. App. 2004). Here, as in Swearingen, the probable cause claim is also based on a
state statute. (8) When we review a probable-cause claim based on state constitutional and statutory
law as well as on the Fourth Amendment to the United States Constitution, we use the deferential
standard required by Illinois v. Gates, 462 U.S. 213, 234-37 (1983). Swearingen, 143 S.W.3d at
811. Accordingly, search warrants should not be invalidated by interpreting affidavits in a
"hypertechnical" manner; instead, we should use common sense. Gates, 462 U.S. at 236. A search-warrant affidavit must be read in a common-sense and realistic manner. Cassias v. State, 719
S.W.2d 585, 587 (Tex. Crim. App. 1986); Davis v. State, 202 S.W.3d 149, 154 (Tex. Crim. App.
2006).

 Probable cause to support the issuance of a search warrant exists when "the facts submitted
to the magistrate are sufficient to justify a conclusion that the object of the search is probably on the
premises to be searched at the time the warrant is issued." Cassias, 719 S.W.2d at 587. Moreover,
to justify the issuance of a search warrant, the affidavit in support thereof must set forth facts
sufficient to establish probable cause:

 (1) that a specific offense has been committed, (2) that the specifically described
property or items that are to be searched for or seized constitute evidence of that
offense or evidence that a particular person committed that offense, and (3) that the
property or items constituting evidence to be search for or seized are located at or on
the particular person, place, or thing to be searched.

Tex. Code Crim. Proc. Ann. art. 18.01(c) (Vernon Supp. 2008). 

 Reasonable inferences may be drawn from the affidavit. Wilson v. State, 98 S.W.3d 265, 271
(Tex. App.--Houston [1st Dist.] 2002, pet. ref'd). We look to the totality of the circumstances to
determine whether the facts set forth in the affidavit are adequate to establish probable cause. Ramos
v. State, 934 S.W.2d 358, 362-63 (Tex. Crim. App. 1996). Finally, statements made during a
suppression hearing do not factor into the probable cause determination. We examine only the four
corners of the affidavit to determine whether probable cause exists. Massey v. State, 933 S.W.2d
141, 148 (Tex. Crim. App. 1996); Elardo v. State, 163 S.W.3d 760, 763 (Tex. App.--Texarkana
2005, pet. ref'd).

 The duty of this Court is simply to determine whether, given the totality of the circumstances,
the trial court, when viewing the affidavit, had a substantial basis for concluding that probable cause
did not exist to support the issuance of the warrant. Gates, 462 U.S. at 238.

 The State contends that the information supplied by the unnamed informants was sufficiently
credible and reliable and that, even if it was not, the information provided by said informants was
adequately corroborated by surveillance conducted by law enforcement. The State further contends
that the trial court erred in granting the motion to suppress on the basis that the information in the
affidavit was stale. Because the issue of staleness was not ruled on by the trial court, we do not
address it. (9)

 Applying the appropriate standard of review and looking only to the four corners of the
affidavit, we conclude that the trial court did not abuse its discretion in making its finding.

 The reliability of an informant is important when the information is used to justify a search
warrant. Pool v. State, 157 S.W.3d 36, 45 (Tex. App.--Waco 2004, no pet.) (citing Lilly v. State,
119 S.W.3d 900, 903 (Tex. App.--Eastland 2003, pet. ref'd)). While we recognize that reliability,
veracity, and the basis of knowledge are no longer absolutely required to support issuance of a
warrant, they are nevertheless highly relevant considerations in the totality-of-the-circumstances
analysis. Gates, 462 U.S. at 233. 

 The affidavit in this case shows that all the incriminating information sworn to by Tucker
comes from unnamed confidential informants. Hearsay from unnamed informants may be credited
by showing the informant has given reliable, credible information in the past. See, e.g., Torres, 552
S.W.2d at 824; Cerda v. State, 846 S.W.2d 533, 535 (Tex. App.--Corpus Christi 1993, no pet.). 
There is no recitation in the instant affidavit that any of these informants (10) have ever provided 
reliable, credible information to a law enforcement agency in the past.

 Nevertheless, the absence of an allegation of prior reliability is not necessarily prohibitive
to a finding of probable cause if the informant's information is otherwise corroborated within the four
corners of the affidavit. Abercrombie v. State, 528 S.W.2d 578, 583-84 (Tex. Crim. App. 1975). 
Therefore, we must look elsewhere in the affidavit to determine whether the informant's information
is otherwise corroborated.

 The affidavit signed by Tucker on August 9, 2008, is set forth, in pertinent part, as follows:

 Affiant has probable cause for [the belief that methamphetamine was in or on the
premises of the Hill residence on U.S. Hwy. 69 in Alba] by reason of the following
facts and circumstances: In July of 2008 affiant received information from several
sources involving narcotics traffic at a residence located on Hwy 69 West of the Alba
Golden School. . . . Affiant was told by three separate parties that they had been to
the residence and bought methamphetamine. On August 2nd, I was notified by
Investigator Lain that two of his informants had advised him of a residence near the
Alba-Golden School which was selling methamphetamine. On each of these
occasions the informants have advised that the party selling the methamphetamine
is named Johnny. Affiant was again contacted on the 7th, [sic] of August and
advised by an informant that he had purchased methamphetamine at the residence
located on Hwy 69 the weekend before and knew for a fact that the person he knew
at the location "reuped" on Fridays and conducted business on Friday[s] and
Saturdays. The informant advised he knew this because he worked for the person he
knows as Johnny Walker. The informant advised that he sold methamphetamine for
this person and in turn got paid cash and methamphetamine. On the 8th day of
August affiant along with other investigators from the Sheriff's Office conducted
surveillance on the residence in question. Investigators observed approximately 20
cars come to the residence and leave within a matter of three hours. Each vehicle we
observed only stayed a few minutes. These actions are actions typically observed in
narcotic activity. I believe this information provided by informants as well as
surveillance conducted of the residence would lead a reasonable person to believe
there to be narcotics located at the residence. Affiant believes that it is more likely
than not that there will be narcotics located in the residence. Affiant further believes
there is a need to execute a search warrant without further hesitation due to school
beginning in approximately two weeks.

Most of the affidavit's allegations clearly could not support probable cause.

 We note that, first, the affidavit cites "several sources" for the general claim that there is
narcotics traffic at the residence. We interpret that as a thesis sentence for the allegations that
follow. If it was intended to be a specific allegation to help establish probable cause, it wholly fails.

 Next, the affidavit recounts that "three separate parties" reported to Tucker that they had both
been to the residence and had purchased methamphetamine. Presumably, these parties' drug
purchases were at the residence, though that is not explicitly set out. The affidavit supplies no date,
time, or details concerning any of the purchases. While these three unnamed informants did make
admissions against their penal interests, there is no information about the place or time of the
reported purchases. That falls short of setting out probable cause. See Abercrombie, 528 S.W.2d
at 581.

 Next, the affidavit indicates that Lain had two unnamed informants tell him that "the
residence" was selling methamphetamine and that the seller's name was "Johnny." In this instance,
not only were the informants unnamed, they were quoted second hand, and they made no admissions
against interest. That falls short of making out probable cause. See Lowery v. State, 843 S.W.2d
136, 140 (Tex. App.--Dallas 1992, pet. ref'd).

 We will discuss below the affidavit's next allegation--a key allegation we will call the
"August 7 allegation"--from one unnamed informant about his purchase of methamphetamine at the
residence the previous week.

 Finally, the affidavit recounted officers' surveillance of the residence during a three-hour
period, during which some twenty automobiles came and went from the residence, each staying only
a few minutes, and that such activity was "typically involved in narcotic activity." That does not
make out probable cause. Although the fact that known narcotics users frequent a place for brief
stretches of time may suffice to corroborate an informant's tip, thus combining to establish probable
cause, e.g., Polanco v. State, 475 S.W.2d 763 (Tex. Crim. App. 1972), it does not by itself provide
more than a reasonable suspicion that contraband may be found there. Cassias, 719 S.W.2d at 590. 

 The State contends that the information received in July from three separate informants (11) is
corroborative in and of itself. The State relies on Wood v. State, 573 S.W.2d 207 (Tex. Crim. App.
1978), in support of this contention. Wood can be distinguished from the instant case because Wood
involved two named informants corroborating information obtained from an unnamed informant, thus
furnishing reliability in regard to the unnamed informant. See id. at 216-17. Here, all of the
informants are unnamed. We find no authority to support the proposition that "several" unnamed 
informants, the precise number unknown, can serve to corroborate the statements of each other.

 The State contends that because each of the unnamed informants had purchased
methamphetamine at the residence in July 2008, each had made an admission against penal interest,
a recognized corroborating factor. The State does not point to any specific language in the affidavit
in support of its contention. A review of the affidavit reveals an allegation that "affiant was told by
three separate parties that they had been to the residence and bought methamphetamine." There is
no specific allegation in the affidavit that the "three separate parties" purchased the methamphetamine
in July 2008. This statement does not indicate when the purchase took place or from whom the
purchase was made.

 In Abercrombie, the trial court examined a statement from an unnamed informant to the effect
that "in the past he had handled and smoked marijuana." 528 S.W.2d at 581. The court determined
that this statement, without more, does not furnish sufficient underlying circumstances to warrant a
finding that the unnamed informant was credible and reliable. Id. We find the same to be true of the
statement quoted above.

 We now turn to the August 7 allegation, which alleges that "affiant was again contacted on
the 7th of August and advised by an informant that he had purchased methamphetamine at the
residence located on Hwy. 69 the weekend before." (12) This allegation comes closest to making out
probable cause. It is an admission against interest of the informant and mentions the place and at least
an approximate time period within which the reported purchase occurred. An admission against penal
interest, even by a first-time informant, is a factor indicating reliability. Mejia v. State, 761 S.W.2d
35, 38 (Tex. App.--Houston [14th Dist.] 1988, pet. ref'd).

 The State relies on Mejia, among other cases, in support of its claim that the admission
against penal interest strongly validates the information provided by the unnamed informant. All of
those cases, however, involved significant additional corroborative factors. (13) We, therefore, consider
the validation value of this admission against penal interest in conjunction with the totality of the
information provided in the affidavit.

 The State further claims the information provided in the affidavit is sufficiently detailed to
create a reasonable inference of probable cause. As discussed previously, the affidavit in question
is silent as to prior reliability of the unnamed informants. We, therefore, look to other factors that
may be considered when evaluating a first-time informant's reliability and credibility. These factors
include the presence or absence of a criminal record, employment history, and reputation in the
community. See Abercrombie, 528 S.W.2d at 583-84; Bellah v. State, 641 S.W.2d 641, 643 (Tex.
App.--El Paso 1982), aff'd, 653 S.W.2d 795 (Tex. Crim. App. 1983). The instant affidavit does not
set forth any of these factors.

 Abercrombie held that, in a case with many similarities to the one before us, there was
probable cause because the affidavit was very detailed in describing the drug found, its handling by
the informant, and its delivery to defendant Abercrombie. The Abercrombie court ultimately held--in
an opinion on rehearing reversing its previous holding--that the affidavit provided "such detail and
minute particularity" in setting out the facts, the magistrate was therefore reasonable in inferring that
the informant gained his or her "sufficiently incriminating" information in a reliable way. See
Abercrombie, 528 S.W.2d at 585.

 Here, the affidavit's recitation of the August 7 allegation does not contain "such detail and
minute particularity" found in Abercrombie. Thus, it was not an abuse of discretion of the trial court
to reject an inference that the August 7 informant gained his information in a reliable way. (14) See id. 
The only information that was close to the detail provided in Abercrombie was that the informant
"had purchased methamphetamine at the residence located on Hwy 69 the weekend before." While
the informant also advised that "he knew this because he worked for the person he knows as Johnny
Walker . . . [and] that he sold methamphetamine for this person and in turn got paid cash and
methamphetamine," there is no physical description of the person known as "Johnny Walker" and no
mentioned investigation of this possible alias or any check of property records for the listed property
to determine whether someone by that name resided on the property. The affidavit does not include
information which would confirm that the residence disclosed by the informant who "worked for the
person he knows as Johnny Walker" was indeed the same residence referenced by the other unnamed
sources.

 Moreover, the affidavit does not identify the suspect believed to be living in the residence
identified in the affidavit. The court in Davis v. State, 144 S.W.3d 192 (Tex. App.--Fort Worth
2004, pet. ref'd), dealt with a similar issue. Davis involved an affidavit containing information from
an unknown, and untried, confidential informant which claimed that two identified people at a certain
residence were in possession of and growing marihuana. The affidavit failed to state whether either
of the individuals owned or controlled the house. Id. at 199-200. Corroboration by the police officer
of the suspects' identities included identifying "Barbara Lynn Davis" through a driver's license check
with the Texas Department of Public Safety and a "NRH computer check" to tie "Barbara Lynn
Davis" to the residence in question. The affidavit failed to state that "Barbara Lynn Davis" was the
same person as "Barbara Davis" named by the confidential informant or the same as appellant,
"Barbara Jean Davis." Similar information was obtained by the officer on the second suspect. Id. at
199. This effort on the part of the investigating officer did not amount to verification of the identity
of the individuals who resided in the house. Id. at 200. The failure to undertake verification
diminishes the reliability of the information provided under the "totality of the circumstances" when
an informant is used for the first time and his or her identity is confidential. Id.; see Lowery, 843
S.W.2d at 141-42. 

 In this case, the affidavit does not set forth the identity of any individual believed to be living
in the residence. It merely states that the informant sold methamphetamine for a person he knows as
Johnny Walker. No effort was made to determine whether a person named Johnny Walker resided
in the trailer described in the affidavit. Further, the affidavit fails to make a connection between the
residence and the appellee in this case, John Edward Hill.

 The affidavit here does not contain the level of detail necessary to require the trial court to
have credited the information provided by the unnamed informants. But the affidavit also recounts
the police surveillance.

 While information from an unnamed informant alone may not establish probable cause, the
informant's tip, combined with independent police investigation, may provide a substantial basis for
the probable-cause finding. Elardo, 163 S.W.3d at 767-68. Corroboration by independent police
investigation means that "in light of the circumstances, the officer confirms enough facts to
reasonably conclude that the information provided is reliable and a detention is justified." Jones v.
State, 949 S.W.2d 509, 515 (Tex. App.--Fort Worth 1997, no pet.). Corroboration of only innocent
details is usually insufficient. Davis, 144 S.W.3d at 200.

 In this case, the State contends that the surveillance performed by Tucker (in conjunction with
the other information contained in the affidavit) for a period of three hours, in which he observed
approximately twenty cars come and go from the residence in question, is sufficient to provide a
substantial basis for a finding of probable cause. The reliability and credibility of the information
provided by the unnamed informants is virtually nonexistent. The question here is whether Tucker's
surveillance confirms sufficient facts to reasonably conclude the information already provided in the
affidavit is reliable. See Jones, 949 S.W.2d at 515. The facts confirmed are merely that on Friday,
August 8, at some unknown time of day, approximately twenty vehicles came and left the residence
within a span of approximately three hours. Nothing else was observed by Tucker suggesting
narcotics activity, and no effort was made by law enforcement to confirm that any of the occupants
of the twenty or so vehicles leaving the property had just purchased methamphetamine. 

 In Cassias, the court held that it was unreasonable to base a finding of probable cause to
search a residence on an affidavit that did little more than note "apparently innocent activity" during
surveillance of the subject property. 719 S.W.2d at 587. The alleged corroborative statement in the
Cassias affidavit most closely resembling the information provided by Tucker was: "[T]his
information has been checked out by affaint [sic] and surveillance began since March 31, 1980, by
affaint [sic]. Affaint [sic] has also observed several narcotic users in and out of 724 Del Mar, staying
for brief periods of time." Id. While the court questioned the basis for the affiant's knowledge that
those observed were narcotics users, this information did not provide anything more than a reasonable
suspicion--not probable cause--that contraband could be found there. Id. at 589-90.

 In this case, the alleged corroborative statements of Tucker do not identify any of those
coming and going from the trailer as "narcotics users," nor do they attempt to identify any of these
individuals. While Tucker opines in a conclusory manner that "these actions are typically observed
in narcotics activity," his statements do nothing more to suggest that any illegal substances were
purchased by the occupants of the subject vehicles. The affidavit's recitations of police surveillance
do not provide information requiring the trial court to find probable cause. Probable cause does not
arise by virtue of the fact that several people, whose identity, reliability, credibility, or basis of
knowledge is unestablished, gave officers information concerning criminal activity. Lowery, 843
S.W.2d at 141. The affidavit in question does not contain information mandating a finding of
probable cause. Under the totality of the circumstances, and according great deference to the trial
court's determination of a lack of probable cause, we hold that the trial court did not abuse its
discretion in granting Hill's motion to suppress. 

 We affirm the ruling of the trial court.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 31, 2009

Date Decided: October 16, 2009


Publish 

1. Hill's residence is on U.S. Highway 69, in Alba, Texas. 
2. As a result of the search, Hill was arrested and later indicted with the first-degree felony
offense of possession of a controlled substance (methamphetamine) with intent to deliver in the
amount of four grams or more, but less than 200 grams, in violation of Section 481.112 of the Texas
Health and Safety Code.
3. The affidavit, dated August 9, 2008, and signed by Miles Tucker, an officer with the Wood
County Sheriff's Office, sought a search warrant for a residence located in Alba in Wood County,
based on the belief that methamphetamine would be found at the residence. 
4. See, e.g., Torres v. State, 552 S.W.2d 821, 824 (Tex. Crim. App. 1977).
5. Hill's motion to suppress alleged that the search of his Alba residence was unreasonable and
illegal  in  that  it  violated  the  Fourth  Amendment  to  the  United  States  Constitution;  Article
1, Section 9 of the Texas Constitution; and Article 18.01 of the Texas Code of Criminal Procedure. 
Hill claimed that the affidavit on which the warrant was granted lacked probable cause and that the
information contained in the affidavit was stale. 
6. On appeal, the State contends that the trial court improperly granted the motion to suppress
evidence and that the affidavit in question is sufficient to establish probable cause. The State asks
that the suppression order be reversed and that the fruits of the search be reinstated.
7. After an evidentiary hearing on Hill's motion to suppress evidence, the trial court granted
the motion and suppressed all evidence seized in the search. The court issued findings of fact in
support of its order. 
8. Tex. Code Crim. Proc. Ann. art. 18.01 (Vernon Supp. 2008).
9. The trial court's findings of fact are as follows:

 (1) The officer's testimony regarding what he knew about his informant's reliability
is irrelevant if it was not contained in the affidavit;

 (2) The affidavit wholly failed to establish the reliability of any informant;

 (3) The only remaining ground for supporting probable cause was the affiant's
personal observation of vehicles coming and going over a three hour period;

 (4) The officer's observation of vehicles at Defendant's house failed to establish
probable cause for the search.

 
10. The affidavit does not state the number of informants from whom the incriminating
information was obtained. Referenced in the affidavit are "several sources," "three separate parties,"
two informants of "Investigator Lain," and "an informant." 
11. The State acknowledges that the "three separate parties" could be the same informants
referenced in the preceding paragraph of the affidavit as "several sources" or they could be three
different informants.
12. This portion of the affidavit also states that this informant "sold methamphetamine for this
[Johnny Walker] person and in turn got paid cash and methamphetamine." The same informant also
was quoted as reporting that the person at the residence "re-ups" on Fridays. These latter portions
of this report, though interesting, do not make out probable cause due to their lack of specificity as
to time and place.
13. See, e.g., Hennessy v. State, 660 S.W.2d 87, 91 (Tex. Crim. App. [Panel Op.] 1983) (named
informant carrying tape recorder concealed on his person with transmitting device, transmitting all
conversation regarding imminent armed robbery to police officer; informant and others arrested
before the robbery provided extensive detail regarding the presence of drugs inside the residence to
be robbed); Mejia, 761 S.W.2d 35 (named informant caught red-handed and admitted to participation
in a criminal activity may be considered reliable); Abercrombie, 528 S.W.2d 578 (unnamed
informant admitted to possession and delivery of marihuana the previous day with specific detail;
affidavit provided such detail and minute particularity that it could reasonably be inferred that
informant gained his information in a reliable way and was sufficiently incriminating); Lowery, 843
S.W.2d 136 (acknowledging that admission against penal interest is factor indicating reliability, but
finding affidavit lacked probable cause).
14. For example, there is no mention of details surrounding the basis for the statement
regarding "narcotics traffic" activity; there is no mention of how the unnamed sources became aware
of the drug trafficking activity or when in relationship to the July 2008 disclosure this activity was
alleged to have occurred. Again, the statement by "three separate parties" that they had been to the
residence to buy methamphetamine does not include information disclosing how these sources
learned of this information or when this information was reported to law enforcement. The affidavit
is silent with respect to when these transactions occurred and is silent regarding the identity of the
person from whom methamphetamine was purchased. This person is only identified as "Johnny"
or "Johnny Walker," and no physical description is provided. 


l style='margin-top:0in;margin-right:.5in;margin-bottom:0in;
margin-left:.5in;margin-bottom:.0001pt;text-align:justify;text-justify:inter-ideograph;
mso-pagination:widow-orphan;tab-stops:center 3.25in'>                                                                V.

 

            BRENDA SKINNER, INDIVIDUALLY AND ON BEHALF OF

THE ESTATE OF CHRIS
SKINNER, AND AS NEXT FRIEND OF

KRYSTAL SKINNER AND AARON
ABUNDIZ, ET AL., Appellees

 

 

                                                                                                  


 

 

                                       On Appeal from the 196th
Judicial District Court

                                                              Hunt County, Texas

                                                            Trial
Court No. 72,378

 

                                                                                                  


 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                     MEMORANDUM 
OPINION

 

            Appellant,
Ralph Whitley, d/b/a Ralph Whitley Builders, has represented to this Court that
the parties have reached a full and final settlement.  In such a case, no real controversy exists,
and in the absence of a controversy, the appeal is moot.

            We
dismiss this appeal.

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          March
3, 2011

Date Decided:             March
4, 2011