The STATE of Texas, Appellant,

v.

Lance Jerome WESTER, Appellee.

No. 05–02–01527–CR.

Court of Appeals of Texas, Dallas.

July 1, 2003.

TEX.R.APP. P. 47.1.

Reed Prospere, Dallas, Samuel H. Bayless, Gresham Davis Gregory, San Antonio, for appellee.

Lisa Smith Braxton, Assistant District Attorney, Dallas, for appellant.

Before Justices MORRIS, WHITTINGTON, and FRANCIS.

## OPINION

Opinion by Justice FRANCIS.

The State appeals from the trial court's order granting a motion to suppress filed by appellee Lance Jerome Wester. In its sole point of error, the State argues the allegations contained in the search warrant affidavit were sufficient to support a probable cause finding that drugs would be found at Wester's residence. We disagree and affirm.

Police stopped Christopher Harold Elliott for a traffic violation and found marijuana in his vehicle. While undergoing questioning at the police station, Elliott told police he purchased the marijuana from Wester at Wester's residence. The police sought a warrant for Wester's arrest and search of his residence. In the affidavit for search and arrest warrant, Garland Police Officer M.R. Roberds asserted the following facts as his basis for probable cause to believe Wester unlawfully possessed marijuana at his residence:

On Tuesday 04–10–2001, CHRISTOPHER HAROLD ELLIOTT, a white male adult was stopped for a traffic violation on Zion Road by Garland Patrol Officers A.D. CROCKETT and B. KEMP. It was determined that ELLIOTT was wanted on an outstanding

felony narcotic warrant out of Dallas County. During the field interview EL- LIOTT informed the officers that there were no weapons in his vehicle but that there was some Marijuana. During the search of ELLIOTT'S motor vehicle officers recovered 14.246 grams of Marijuana, 8.9 grams of Methamphetamine, 29.5 grams of 3,4 Methylenedioxy Methamphetamine and .7 grams of an unknown black substance described by ELLIOTT as being Opium. After being processed through the Garland City Jail, ELLIOTT was interviewed by Officer B. KEMP, and Narcotic Detectives M. RO- BERDS and N. PRATT. After acknowledging and waiving his legal rights, ELLIOTT gave a written voluntary statement against his own penal interest admitting to being in possession of the Marijuana and other controlled substances. ELLIOTT further provided written information related [sic] that just prior to be [sic] stopped by the Patrol Officers that he had purchased the Marijuana from LANCE JEROME WESTER at WESTER'S residence described in item # 1 above. ELLIOTT further related that WESTER was still in possession of a large amount of Marijuana.

The remaining facts pertained to Ro- berds's training and experience as a police officer with respect to drug traffickers.

Based on the affidavit, the magistrate issued a search and arrest warrant. The police executed the warrant and found, among other things, the ecstasy that formed the basis for the indictment in this case. Wester filed a motion to suppress the evidence, arguing the affidavit failed to show probable cause for issuance of the warrant. Specifically, Wester complained that police relied on the "unconfirmed representations alone" of Elliott, whom police had arrested for drug possession, with "no prior indicia of reliability or credibility as

to the 'informant.'" The trial court granted the motion, and this appeal ensued.

■■■ This Court reviews *de novo* the trial court's determination that the magistrate had probable cause to issue the search warrant. *Lane v. State*, 971 S.W.2d 748, 752 (Tex.App.-Dallas 1998, pet. ref'd). Giving great deference to the magistrate's decision to issue the warrant, we determine whether, considering the totality of the circumstances, the magistrate had a substantial basis for concluding probable cause existed. *Id; see also Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The allegations in the affidavit are sufficient if they would "justify a conclusion that the object of the search is probably on the premises." *Ramos v. State*, 934 S.W.2d 358, 362–63 (Tex. Crim.App.1996).

■■■ On appeal, the State argues the information provided by Elliott was "sufficiently reliable to justify a search" of Wester's residence because (1) the informant, Elliott, was named and his admission to buying drugs was an admission against his penal interest that lent credibility to his statement and (2) the information was sufficiently detailed. Applying the appropriate standard of review and looking only to the four corners of the affidavit, we cannot conclude that given the totality of the circumstances, the magistrate had a substantial basis for believing a search of Wester's residence would uncover marijuana.

■■■ First, while we agree that being a named informant generally may go a long way toward establishing credibility, there are varying degrees of credibility with respect to informants. For instance, where a named informant is a private citizen, whose only contact with the police is a result of having witnessed a criminal act committed by another, the credibility and

reliability of the information are inherent. *Esco v. State,* 668 S.W.2d 358, 361 (Tex.Crim.App.1982). Source information supplied by an average citizen is "much less likely to produce false or untrustworthy information." *Johnson v. State,* 803 S.W.2d 272, 289 (Tex.Crim.App.1990).

We cannot say the same in this instance. Here, the informant was not an "average citizen" reporting a crime. He was a suspect under arrest for the very drugs he claimed to have purchased from Wester and was being interrogated at the police station when he gave his statement. With respect to the argument that Elliott made a statement against his penal interest by acknowledging the drugs were his, the police had already found the drugs when Elliott made his statement; thus, we question the extent this admission lent to Elliott's credibility.

Second, the information contained in the affidavit was not detailed. To the contrary, the only fact that specifically related to Wester was Elliott's statement that he purchased the drugs from Wester at Wester's residence just prior to being stopped. No other independently verifiable facts related to Wester, such as previous drug transactions, the location of the marijuana in the house, or the layout of the house, were alleged. While the State relies on the holding in *Mejia v. State,* 761 S.W.2d 35 (Tex.App.-Houston [14th Dist.] 1988, pet. ref'd), to support its assertion that the allegations were sufficiently detailed, *Mejia* was qualitatively different. In *Mejia,* the informant gave the police names of men from whom he had repeatedly purchased marijuana, pointed out the house where the transactions occurred, and described where the marijuana was hidden in the house. *Id.* at 38. Here, it is not even reasonable to conclude that the detailed information on the location of Wester's residence and his vehicle, given on page

one of the affidavit, was provided by Elliott; rather, it contains information not likely to be known by Elliott.

■ We recognize that credibility, reliability, and basis of knowledge no longer need to be established by separate and independent facts; however, they remain highly relevant factors in determining, by the totality of the circumstances, whether probable cause exists. *Eisenhauer v. State,* 754 S.W.2d 159, 164 (Tex.Crim.App. 1988). Viewed in their totality, we conclude the facts and circumstances submitted to the magistrate within the four corners of the affidavit did not provide the magistrate with a substantial basis for concluding that marijuana would probably be found at Wester's residence at the time the warrant was issued. Consequently, the trial court did not err in ordering the suppression of the evidence. We overrule the sole point of error.

We affirm the trial court's order suppressing the evidence.