

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-07-038-CR**

MATTHEW CAMERON LAMBERT                                    APPELLANT

V.

THE STATE OF TEXAS                                             STATE

------------

## FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Matthew Cameron Lambert appeals his conviction for possession of a controlled substance, methamphetamine, in the amount of less than one gram. We affirm.

In a single point, appellant complains that the trial court improperly admitted evidence seized from his apartment because the search warrant was

---

[1]*See* TEX. R. APP. P. 47.4.

not supported by probable cause. Specifically, he argues that the named informant was not credible or reliable and that the detective did not verify the information she provided.[2]

We defer to a magistrate's determination of probable cause to issue a search warrant so long as the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing.[3] This deferential standard of review preserves the incentive of peace officers to obtain a warrant rather than conduct a warrantless search.[4] In assessing the sufficiency of an affidavit for a search warrant, we are limited to the four corners of the affidavit,

---

[2]When briefing constitutional issues, a party should separate federal and state issues into distinct points or issues and provide substantive argument on each. *McCambridge v. State*, 712 S.W.2d 499, 501–02 n.9 (Tex. Crim. App. 1986). If, as here, a party fails to do this, we need not address federal and state constitutional issues separately. *See*, *e.g.*, *Eldridge v. State*, 940 S.W.2d 646, 650–51 (Tex. Crim. App. 1996) (declining to pursue appellant's state constitutional argument for him); *Jones v. State*, 949 S.W.2d 509, 514 (Tex. App.—Fort Worth 1997, no pet.) (deeming federal and state constitutional protections identical because appellant's brief did not address differences in protections against unreasonable search and seizure).

[3]*Illinois v. Gates*, 462 U.S. 213, 236, 103 S. Ct. 2317, 2331 (1983); *Swearingen v. State*, 143 S.W.3d 808, 810–11 (Tex. Crim. App. 2004).

[4]*Massachusetts v. Upton*, 466 U.S. 727, 733, 104 S. Ct. 2085, 2088 (1984).

and we should interpret the affidavit in a common sense and realistic manner, recognizing that the magistrate was permitted to draw reasonable inferences.[5]

Further, we examine the totality of the circumstances regarding the information contained in the affidavit.[6] An informant's basis of knowledge (or reliability) and her veracity (or credibility) are relevant considerations in this inquiry, and a deficiency in one area may be compensated by a strong showing in the other or by some other indicia of reliability.[7] Corroboration of the details of an informant's tip through independent police investigation is another relevant factor.[8]

In early 2006, Detective J.T. Rhoden was investigating a series of car burglaries in the Mira Vista neighborhood of Fort Worth. The use of a credit card that had been stolen in one of the burglaries led Detective Rhoden to Karla Norris, appellant's then-girlfriend. On January 4, 2006, a Wednesday, Norris

---

[5]*Davis v. State*, 202 S.W.3d 149, 154 (Tex. Crim. App. 2006); *Hankins v. State*, 132 S.W.3d 380, 388 (Tex. Crim. App.), *cert. denied*, 543 U.S. 944 (2004); *Jones v. State*, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992), *cert. denied*, 507 U.S. 921 (1993).

[6]*Davis v. State*, 144 S.W.3d 192, 196–97 (Tex. App.—Fort Worth 2004, pet. ref'd) (op. on reh'g).

[7]*Id.* at 197.

[8]*Id.*

was stopped for a traffic violation and voluntarily provided information that implicated appellant in the car burglaries.

Detective Rhoden applied for a warrant to search appellant's apartment. In his affidavit, Detective Rhoden stated that Norris had spent that past few days at appellant's apartment. Norris noticed appellant had come home on Monday with a silver Motorola Razor phone (which Norris showed to the detective) and a Dell flat screen monitor. Detective Rhoden researched January 2 offenses and found a report that those two items had been burglarized from a car. The application also alleged Norris observed many credit cards and social security cards in different names, and a BlackBerry cellular phone on which she saw a number for Mira Vista. Upon further research, Detective Rhoden also located a report indicating a BlackBerry phone had been burglarized from a car in the Mira Vista neighborhood.

The magistrate signed the search warrant, and several officers executed it on January 5, 2006. Inside appellant's apartment, the officers found various small electronics, credit cards, driver's licenses, social security cards, and, in plain view, a small bag of marijuana and a vial containing .39 grams of methamphetamine. Following a bench trial, the trial court convicted appellant

4

of possession of a controlled substance, methamphetamine, in the amount of less than one gram, and sentenced him to eighteen months in state jail.[9]

The affidavit reveals that Norris was a named informant who had direct knowledge of the facts she reported, two factors increasing her reliability.[10] Appellant argues, citing *State v. Wester*, that because Norris was a suspect in the credit card abuse case, the information she provided was unreliable.[11] Unlike the informant in *Wester*, however, Norris was neither under arrest nor being interrogated at the time she gave information about appellant.[12] Further, as detailed above, Detective Rhoden's research corroborated that three of the items Norris saw in appellant's apartment had very recently been stolen. The affidavit disclosed to the magistrate that Norris was being questioned in the credit card abuse case and was, therefore, not misleading.[13]

---

[9]The sentence also included suspension of appellant's driver's license for 180 days and until he completes a drug offender education program.

[10]*See Matamoros v. State*, 901 S.W.2d 470, 478 (Tex. Crim. App. 1995) (holding that a probable cause affidavit is sufficient if it specifies a named informant as supplying the information upon which probable cause is based and is sufficiently detailed to suggest direct knowledge on the informant's part).

[11]*See* 109 S.W.3d 824, 826–27 (Tex. App.—Dallas 2003, no pet.).

[12]*See id.* at 827.

[13]*See Massey v. State*, 933 S.W.2d 141, 146–47 (Tex. Crim. App. 1996) (holding that detective did not misrepresent informants' reliability by omission where affidavit contained information indicating that informants "were not

Based on the totality of the circumstances established in the affidavit and giving great deference to the magistrate's determination of probable cause, we hold that there was a substantial basis for concluding that a search of appellant's apartment would uncover evidence of the vehicle burglaries. We overrule appellant's point and affirm the trial court's judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: March 6, 2008

---

outstanding citizens"). Even had this information been omitted, the fact that Norris had been accused or suspected of a crime would not necessarily invalidate the search warrant. *See Morris v. State*, 62 S.W.3d 817, 824–25 (Tex. App.—Waco 2001, no pet.) (holding that where named informant implicated his ex-lover in child pornography case, the fact that the affiant did not disclose that informant was being questioned for stealing from his employer did not invalidate search warrant); *see also Hackleman v. State*, 919 S.W.2d 440, 449 (Tex. App.—Austin 1996, pet. ref'd untimely filed); *Heitman v. State*, 789 S.W.2d 607, 610–12 (Tex. App.—Dallas 1990, pet. ref'd).

6