COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-038-CR

 

 

MATTHEW CAMERON LAMBERT                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Matthew Cameron
Lambert appeals his conviction for possession of a controlled substance,
methamphetamine, in the amount of less than one gram.  We affirm.








In a single point, appellant
complains that the trial court improperly admitted evidence seized from his
apartment because the search warrant was not supported by probable cause.  Specifically, he argues that the named
informant was not credible or reliable and that the detective did not verify
the information she provided.[2]









We defer to a magistrate=s determination of probable cause to issue a search warrant so long as
the magistrate had a substantial basis for concluding that a search would
uncover evidence of wrongdoing.[3]  This deferential standard of review preserves
the incentive of peace officers to obtain a warrant  rather than conduct a warrantless search.[4]  In assessing the sufficiency of an affidavit
for a search warrant, we are limited to the four corners of the affidavit, and
we should interpret the affidavit in a common sense and realistic manner,
recognizing that the magistrate was permitted to draw reasonable inferences.[5]


Further, we examine the
totality of the circumstances regarding the information contained in the
affidavit.[6]  An informant=s basis of knowledge (or reliability) and her veracity (or
credibility) are relevant considerations in this inquiry, and a deficiency in
one area may be compensated by a strong showing in the other or by some other
indicia of reliability.[7]  Corroboration of the details of an informant=s tip through independent police investigation is another relevant
factor.[8]  








In early 2006, Detective J.T.
Rhoden was investigating a series of car burglaries in the Mira Vista
neighborhood of Fort Worth.  The use of a
credit card that had been stolen in one of the burglaries led Detective Rhoden
to Karla Norris, appellant=s then-girlfriend.  On January
4, 2006, a Wednesday, Norris was stopped for a traffic violation and
voluntarily provided information that implicated appellant in the car
burglaries.   

Detective Rhoden applied for
a warrant to search appellant=s apartment.  In his affidavit,
Detective Rhoden stated that Norris had spent that past few days at appellant=s apartment.  Norris noticed
appellant had come home on Monday with a silver Motorola Razor phone (which
Norris showed to the detective) and a Dell flat screen monitor.  Detective Rhoden researched January 2
offenses and found a report that those two items had been burglarized from a
car.  The application also alleged Norris
observed many credit cards and social security cards in different names, and a
BlackBerry cellular phone on which she saw a number for Mira Vista.  Upon further research, Detective Rhoden also
located a report indicating a BlackBerry phone had been burglarized from a car
in the Mira Vista neighborhood.   








The magistrate signed the
search warrant, and several officers executed it on January 5, 2006.  Inside appellant=s apartment, the officers found various small electronics, credit
cards, driver=s licenses,
social security cards, and, in plain view, a small bag of marijuana and a vial
containing .39 grams of methamphetamine. 
Following a bench trial, the trial court convicted appellant of
possession of a controlled substance, methamphetamine, in the amount of less
than one gram, and sentenced him to eighteen months in state jail.[9]


The affidavit reveals that
Norris was a named informant who had direct knowledge of the facts she
reported, two factors increasing her reliability.[10]  Appellant argues, citing State v. Wester,
that because Norris was a suspect in the credit card abuse case, the
information she provided was unreliable.[11]  Unlike the informant in Wester,
however, Norris was neither under arrest nor being interrogated at the time she
gave information about appellant.[12]  Further, as detailed above, Detective Rhoden=s research corroborated that three of the items Norris saw in
appellant=s apartment
had very recently been stolen.  The
affidavit disclosed to the magistrate that Norris was being questioned in the
credit card abuse case and was, therefore, not misleading.[13]    








Based on the totality of the
circumstances established in the affidavit and giving great deference to the
magistrate=s
determination of probable cause, we hold that there was a substantial basis for
concluding that a search of appellant=s apartment would uncover evidence of the vehicle burglaries.  We overrule appellant=s point and affirm the trial court=s judgment. 

 

PER CURIAM

 

PANEL
F:  CAYCE, C.J.; WALKER and MCCOY, JJ.

 

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 6, 2008











[1]See Tex. R. App. P. 47.4.





[2]When
briefing constitutional issues, a party should separate federal and state
issues into distinct points or issues and provide substantive argument on
each.  McCambridge v. State, 712
S.W.2d 499, 501B02
n.9 (Tex. Crim. App. 1986).  If, as here,
a party fails to do this, we need not address federal and state constitutional
issues separately.  See, e.g.,
Eldridge v. State, 940 S.W.2d 646, 650B51 (Tex. Crim. App. 1996)
(declining to pursue appellant=s state constitutional
argument for him); Jones v. State, 949 S.W.2d 509, 514 (Tex. App.CFort
Worth 1997, no pet.) (deeming federal and state constitutional protections
identical because appellant=s brief did not address
differences in protections against unreasonable search and seizure).





[3]Illinois
v. Gates, 462 U.S. 213, 236, 103  S. Ct. 2317, 2331 (1983); Swearingen v.
State, 143 S.W.3d 808, 810B11 (Tex. Crim. App. 2004).





[4]Massachusetts
v. Upton, 466 U.S. 727, 733, 104 S. Ct. 2085, 2088
(1984).





[5]Davis
v. State, 202 S.W.3d 149, 154 (Tex. Crim. App. 2006);
Hankins v. State, 132 S.W.3d 380, 388 (Tex. Crim. App.), cert. denied,
543 U.S. 944 (2004); Jones v. State, 833 S.W.2d 118, 123 (Tex. Crim.
App. 1992), cert. denied, 507 U.S. 921 (1993).





[6]Davis
v. State, 144 S.W.3d 192, 196B97
(Tex. App.CFort
Worth 2004, pet. ref=d)
(op. on reh=g).





[7]Id. at
197.





[8]Id.





[9]The
sentence also included suspension of appellant=s
driver=s
license for 180 days and until he completes a drug offender education program. 





[10]See
Matamoros v. State, 901 S.W.2d 470, 478 (Tex. Crim. App. 1995)
(holding that a probable cause affidavit is sufficient if it specifies a named
informant as supplying the information upon which probable cause is based and
is sufficiently detailed to suggest direct knowledge on the informant=s
part).





[11]See 109
S.W.3d 824, 826B27
(Tex. App.CDallas
2003, no pet.).





[12]See
id. at 827.





[13]See
Massey v. State, 933 S.W.2d 141, 146B47
(Tex. Crim. App. 1996) (holding that detective did not misrepresent informants=
reliability by omission where affidavit contained information indicating that
informants Awere
not outstanding citizens@).  Even had this information been omitted, the
fact that Norris had been accused or suspected of a crime would not necessarily
invalidate the search warrant.  See
Morris v. State, 62 S.W.3d 817, 824B25 (Tex. App.CWaco
2001, no pet.) (holding that where named informant implicated his ex-lover in
child pornography case, the fact that the affiant did not disclose that
informant was being questioned for stealing from his employer did not
invalidate search warrant); see also Hackleman v. State, 919 S.W.2d 440,
449 (Tex. App.CAustin
1996, pet. ref=d
untimely filed); Heitman v. State, 789 S.W.2d 607, 610B12
(Tex. App.CDallas
1990, pet. ref=d).