Affirmed and Memorandum Opinion
filed December 2, 2010.

In
The

Fourteenth
Court of Appeals



NOS. 14-09-00799-CR

          14-09-00801-CR



Juan Edmundo
Trevino, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 179th District Court

Harris County, Texas

Trial Court
Cause No. 1137131



 

MEMORANDUM OPINION

Appellant, Juan Edmundo Trevino, was charged with two
separate counts of possession of a controlled substance with intent to deliver:
 one for possession of cocaine and one for possession of methamphetamines.  After
the trial court denied his motion to suppress, appellant pleaded guilty to both
counts.  Pursuant to a plea bargain with the State, appellant was sentenced to
15 years in prison for each count to run concurrently.  In a single issue on
appeal, appellant contends that the trial court erred in overruling his motion
to suppress because the affidavit supporting the request for a search warrant
was insufficient to establish probable cause for the search.  We affirm.

Standards of Review

The
Fourth Amendment to the United States Constitution provides that no warrants
may issue, whether for arrest or search, in the absence of probable cause. 
U.S. Const. Am. IV; Henry v. United States, 361 U.S. 98, 100 (1959); Rodriguez
v. State, 232 S.W.3d 55, 59 (Tex. Crim. App. 2007).  More specifically, a
magistrate may not issue a search warrant without first finding probable cause
“that a particular item will be found in a particular location.”  Rodriguez,
232 S.W.3d at 60.  In reviewing an affidavit attached to an application for a
search warrant, “[t]he test is whether a reasonable reading by the magistrate
would lead to the conclusion that the affidavit provided a ‘substantial basis
for the issuance of the warrant.’”  Id. (quoting Massachusetts v.
Upton, 466 U.S. 727, 733 (1984)).

To
determine whether probable cause exists, the magistrate must consider the
totality of the circumstances in deciding whether there is a fair probability
that contraband or other evidence of a crime will be found at the specified
location.  Id.  A finding of “fair probability” cannot be based on “mere
ratification of the bare conclusions of others.”  Illinois v. Gates, 462
U.S. 213, 238 (1983).  Our review of the magistrate’s determination is highly
deferential and recognizes that the magistrate may draw reasonable inferences
from statements in the affidavit.  Rodriguez, 232 S.W.3d at 61. 
Ultimately, our inquiry focuses on “whether there are sufficient facts, coupled
with inferences from those facts, to establish a ‘fair probability’ that
evidence of a particular crime will likely be found at a given location.  The
issue is not whether there are other facts that could have, or even should
have, been included in the affidavit . . . .”  Id. at 62.

The Affidavit

Appellant
contends that because the affidavit attached to the application for a search
warrant was insufficient, the court below erred in denying the motion to
suppress evidence obtained as a result of the search warrant.  Because of the
importance of the affidavit to our analysis, we present it below in its
entirety:

My name is
Christopher Cayton and I am commissioned as a peace officer by the Houston Police Department.

1.  There is in the
City of Houston, Harris County, Texas, a suspected
place and premises described and located as follows:  2106 Woodland Park Drive, Apartment #7108, Houston, Harris County,
Texas.  Said suspected place is
described as:  a first floor apartment
located within the Archstone Westchase Apartment
Complex on the south east corner of Woodland Park
Drive and Westheimer.  The apartment is located
on the east side of the complex and the numbers “7-1-0-8” are clearly marked
on the front door of the apartment.  The
front door to the apartment is dark green in color with the numbers “7-1-0-8” in green on a tan background. The numbers are affixed to a plaque in the center of the front door.

2.  Said suspected
place is in the charge of and controlled
by each of the following named and/or described suspected
parties (hereafter called “suspected
party,” whether one or more), to wit: “Jon”,
unknown Hispanic Male, 5’5”-5’8”, 170-200 pounds.

3.  It is the belief of affiant that said suspected party has
possession of and is concealing at said suspected place in violation of the
laws of the State of Texas the following property:  a drug, controlled substance,
immediate precursor, chemical precursor, or other controlled substance property,
including an apparatus or paraphernalia kept, prepared, or manufactured in violation
of the laws of this state, to wit:  illegal
narcotics, including but not limited to powder
cocaine.

4.  Affiant has probable cause for said belief by reason of
the following facts and circumstances:  On or about October 12, 2007, I received
information from a confidential source that the apartment located at 2106
Woodland Park Drive, Apartment #7108, was selling large amounts of powder cocaine.
 The confidential source stated that the unknown Hispanic male at the location
recently took control of approximately 5 kilograms of powder cocaine.

The confidential source has provided me with information in the past that has led to the
recovery of large amounts of illegal narcotics.

On October 12, 2007, I conducted
surveillance on the location and observed vehicluar [sic] traffic consitant [sic]
with illegal narcotics activity.

Officer Benavides
assisted by conducting surveillance on the front door of apartment #7108 and he
relayed the following facts to me:

Officer Benavides observed Gregory Hollman date of birth:  3-23-75
arrive at 2106 Woodland Park Drive, Apartment #7108, in a white Ford F-150
pickup.  Officer Benavides observed Gregory Hollman go inside apartment #7108 and
return to his vehicle after just a few momments [sic].  Officer Benavides
observed Gregory Hollman placing an unknown object inside his pants as he was living
[sic] the apartment.

I followed Gregory Hollman from the location and observed him
fail to signal several lane changes as he traveled eastbound on Westheimer from
Woodland Park Drive.  I had Officer K. Mcdonald in a marked police unit conduct
a traffic stop on Gregory Hollman for the observed traffic violations.  As a result
of the traffic stop I was informed by Officer K. Mcdonald that Gregory Hollman
was arrested for possesion [sic] of a quantity of powder cocaine and ecstasy
pills.

I interviewed Gregory Hollman and he made the following
statement against his penal interest:  “I went to apt# [sic] 7108 and bought
cocaine and ecstasy from Jon.”  “I have been there before and go approximately
(1) a month for the last year.”  “He has been consistent every time I go.”  “I
buy $40-$60 cocaine and have bought ecstasy for $10 a piece.”

I have attached a copy of the written statement provided by
Gregory Hollman.

I have been a police officer for over seven years and have
made numerous arrests for possession of cocaine.  I tested the substance found
in the possession of Gregory Hollman and it field tested positive for cocaine
content.

Wherefore, affiant asks for issuance of a warrant that will
authorize affiant and other peace officers to search said suspected place and
premises for the property described above and seize same.

Appellant’s
Complaints

Appellant asserts five grounds in support of his
contention that the affidavit was insufficient to support the issuance of a
search warrant, i.e. that the affidavit:  (1) transposes the numbers of
a street address; (2) relies upon information from someone in police custody;
(3) relies upon stale and insufficiently detailed information from an anonymous
source; (4) fails to establish the credibility or reliability of the anonymous
source; and (5) provides insufficient details regarding surveillance of the
subject property.  We will consider each ground in turn, keeping in mind the
highly deferential nature of our review and that it is the totality of the circumstances that governs whether
there is a fair probability that contraband or other evidence will be found at
the specified location.  See Rodriguez, 232 S.W.3d at 60-61.

 Appellant first points out that the affidavit listed
the street address of the subject apartment complex as “2106 Woodland Park Drive,” when the actual
address was 2601 Woodland Park Drive.  Appellant acknowledges, however, that
this court, among others, has previously held that where, as here, a property
is described in detail in the affidavit, a mere transposition of numbers in the
street address will not render the affidavit insufficient.  See, e.g.,
Williams v. State, 928 S.W.2d 752, 754 (Tex. App.—Houston [14th Dist.]
1996), aff’d on other grounds, 965 S.W.2d 506 (Tex. Crim. App. 1998). 
Appellant urges this court to overrule Williams but fails to offer any
basis in support.  We decline to overrule our prior precedent without a
rational reason for doing so.  See Jordan v. State, 54 S.W.3d 783, 786
(Tex. Crim. App. 2001) (discussing circumstances under which overruling prior
precedent is acceptable).  Appellant’s first argument is without merit.

Appellant next contends that the affidavit is
insufficient because it depends on information provided by someone already in
police custody, Greg Hollman, who would therefore presumably have a motive to
provide false information.  Appellant cites State v. Wester, 109 S.W.3d
824 (Tex. App.—Dallas 2003, no pet.), in support of his argument.  The present
case, however, is readily distinguishable from the circumstances before the court
in Wester.  The Wester court found an affidavit insufficient
where the entirety of the information offered to show probable cause was
gleaned from a person in police custody.  Id. at 825-26.[1]  Here,
while information from a person in custody was provided, it was only one small
part of the circumstances offered in support of finding probable cause.  For
example, the affidavit in this case includes the significant detail that the
in-custody informant, Hollman, was detained and arrested shortly after leaving
the subject property, thus tying him to the property in a way that was not done
in Wester.  In short, the fact that some of the information provided
came from a person in police custody did not render the affidavit insufficient.

Appellant additionally complains about the lack of specificity
in the affidavit  regarding information from the anonymous source. 
Specifically, appellant argues that the affidavit does not provide a time frame
for receipt of the information and does not indicate where evidence was to be
found, what type of controlled substance was involved, or what the interior of
the apartment looked like.  In regards to the time element and the type of
narcotic involved, the affiant is actually quite specific, stating that “[o]n
or about October 12, 2007, [he]
received information from a confidential source that the apartment . . . was
selling large amounts of powder cocaine,” and “[t]he confidential
source stated that the unknown Hispanic male at the location recently
took control of approximately 5 kilograms of powder cocaine.”  (emphasis added).  Furthermore, although
information regarding where the drugs could be located in the apartment and
what the interior of the apartment looked like might have provided an
additional level of credibility, the absence of such statements does not render
the affidavit insufficient.  See Rodriguez, 232 S.W.3d at 62 (explaining that the emphasis should not be on what
could have been included in the affidavit).

Next, appellant asserts that there is no showing in
the affidavit that the confidential source had provided credible or reliable
information in the past.  Again, this is incorrect.  The affiant expressly
states that the informant had “provided . . . information in the past that has led to the recovery
of large amounts of illegal narcotics.” 
The magistrate was free to infer from this statement that the informant had
previously proven credible and reliable.  See id. at 61 (“[T]he magistrate may draw reasonable inferences from
statements in the affidavit.”).

Lastly, appellant complains that the affidavit failed
to present details of the surveillance, particularly as to whether the alleged
traffic was in and out of the complex as a whole or the apartment itself.  The
affiant states that vehicle traffic was observed “consistent with narcotics
activity.”  While this bare statement does not specifically tie the traffic to
the apartment, the magistrate was again free to make reasonable inferences from
the statement, particularly in light of the other information specifically
pointing to appellant’s apartment as the focal point for narcotics activity.  See
id.  For example, the affiant states that Hollman was observed entering the
apartment and then leaving shortly thereafter while placing something in his
pocket and that Hollman was shortly thereafter arrested for possession of powder cocaine and ecstasy pills.  In sum, the affidavit contained sufficient
information for the magistrate to conclude that there existed a fair probability that contraband or other evidence
of a crime would be found at appellant’s apartment.  Rodriguez, 232
S.W.3d at 60.

We affirm the trial court’s judgment.

 








                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges,
Justice Yates, and Senior Justice Mirabal.[2]

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
The informant in Wester was detained on an outstanding felony warrant
and then informed officers that he had marijuana in the trunk of his vehicle. 
109 S.W.3d at 825-26.  He further gave a statement that just prior to being
stopped, he had purchased the marijuana from Wester at Wester’s residence and
that Wester still was in possession of a large amount of marijuana.  Id.
at 826.  Other than information regarding the affiant’s training and experience
and the fact that marijuana and other controlled substances were found in the informant’s
vehicle, the affidavit provided no further details in support of probable
cause.  Id.





[2]
Senior Justice Margaret Garner Mirabal sitting by assignment.