# NO. 12-16-00212-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MITCHELL JAMAL ANDERSON,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *CRIMINAL DISTRICT COURT #4* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *TARRANT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Mitchell Jamal Anderson appeals his conviction for aggravated robbery. In his sole issue, Appellant argues the trial court erred in denying his motion to suppress. We affirm.

## BACKGROUND

On July 17, 2015, Joe Mosqueda and his two cousins were robbed at gunpoint by two unknown black males. Officers subsequently identified Appellant and Hugo Bellamy as suspects. Appellant was arrested for aggravated robbery pursuant to a warrant. The affidavit, sworn to by Arlington Police Department Detective A. Armendariz, contains the following facts:

1. On July 17, 2015, Mosqueda was standing outside his home talking with his two female cousins who were inside their vehicle. Two unknown black males pulled up next to them in an older model silver Jeep Liberty. The driver of the Jeep pointed a gun and demanded money from the female in the driver's seat, while the passenger of the Jeep got out and robbed Mosqueda of his wallet at gunpoint. The two black males then fled in the Jeep, which was followed by a green Honda passenger car that had its headlights turned off.

2. The victims described the driver of the Jeep as a dark skinned black male, thin, with blonde dreadlocks and wearing a white and gold baseball cap. The passenger of the Jeep was described as a black male, approximately five foot seven inches tall, one hundred and thirty five pounds, with body and facial tattoos and a bald "faded" haircut.

3. Later that day, Armendariz and other officers stopped a vehicle driven by Laura Ramirez and occupied by Appellant and Hugo Bellamy. Officers noticed that Bellamy matched the description of the driver of the Jeep. Officers searched the vehicle and a handgun was located under Bellamy's seat. Bellamy attempted to flee on foot but was caught and arrested for felon in possession of a firearm and evading arrest. Appellant was not arrested during the traffic stop but voluntarily spoke with officers. He indicated that he had been with Bellamy and an individual named "C Real" at all times the previous night going to bars in C Real's gray/silver Honda. Appellant said the three spent the night at Rivera's home.

4. During the traffic stop, Rivera was arrested on outstanding misdemeanor warrants from multiple agencies. Officers investigating the robbery interviewed her at the jail. She indicated that Appellant, Bellamy, and C Real arrived at her home around 2:00 a.m. the previous evening. They told her they had robbed and almost shot some Hispanic victims near her apartment. Rivera said Appellant and Bellamy arrived at her apartment in a silver Jeep and C Real arrived in a green Honda. Officers located an older model silver Jeep in the parking lot of Rivera's apartment complex. Officers also located the keys to the Jeep inside Rivera's apartment. Inside the vehicle, officers located a black and gold baseball cap.

5. Two of the victims identified Bellamy from a photo line-up, but none positively identified Appellant. It was noted Rivera's apartment was just down the street from the scene of the robbery, and that Appellant matched the physical description of the passenger in the Jeep.

After his arrest, Appellant gave a videotaped statement to police wherein he confessed to his involvement in the robbery. During trial, Appellant moved to suppress those statements on grounds that the arrest warrant affidavit did not show probable cause because it did not establish Rivera's credibility, rendering his arrest illegal and his subsequent statements inadmissible. The State argued the affidavit was sufficient because Rivera was a named, civilian witness, and alternatively, that the statements were sufficiently attenuated from the arrest making them admissible. The trial court overruled Appellant's motion and his statements were admitted. Appellant was found guilty by a jury and sentenced by the court to imprisonment for sixteen years. This appeal followed.

## MOTION TO SUPPRESS

In his sole issue, Appellant contends the trial court erred by denying his motion to suppress. Specifically, Appellant argues the affidavit in support of the arrest warrant failed to establish Rivera's credibility and did not contain probable cause, thus, rendering his arrest illegal and his statements inadmissible.

2

**Standard of Review and Applicable Law**

Both the United States and Texas constitutions provide that an arrest warrant must be based on probable cause supported by oath or affirmation. *See* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. In order to support an arrest warrant, the affidavit must show probable cause that an offense has been committed and the person named therein committed the offense. TEX. CODE CRIM. PROC. ANN. art. 15.05 (West 2005).

The court of criminal appeals has stated that appellate courts should apply the deferential standard articulated in *Illinois v. Gates* when reviewing a magistrate's determination that probable cause existed to issue a warrant. *Swearingen v. State*, 143 S.W.3d 808, 810-811 (Tex. Crim. App. 2004); *see Davis v. State*, 144 S.W.3d 192, 196-197 (Tex. App.—Fort Worth 2004, pet. ref'd). Under the *Gates* standard, we look to the "totality of the circumstances" regarding the facts contained in the affidavit and give great deference to the magistrate's probable cause determination as long as he had a "substantial basis" to do so. *Illinois v. Gates*, 462 U.S. 213, 236-237, 103 S. Ct. 2317, 2331, 76 L. Ed. 527 (1983); *Davis*, 144 S.W.3d at 196-197. The magistrate is allowed to make a practical, common sense decision, given all the circumstances set forth in the affidavit, including the "veracity" and "basis of knowledge" of the persons supplying hearsay information. *Gates*, 462 U.S. at 238, 103 S. Ct. at 2332.

The role of the reviewing court is to ensure that the magistrate had a substantial basis for his conclusion. *Id.* Corroboration of the details of an informant's tip through independent investigation can also be relevant to the magistrate's determination of probable cause. *Davis*, 144 S.W.3d at 197. The affidavit should set forth the foundation for an officer's belief in an informant's credibility and veracity, however, a deficiency in one may be compensated by a strong showing as to the other. *Gates*, 462 U.S. at 233, 103 S. Ct. at 2329; *Davis*, 144 S.W.3d at 197. In reviewing the sufficiency of an affidavit for an arrest or search warrant, we are limited to the four corners of the affidavit. *Jones v. State*, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992).

**Analysis**

On appeal, Appellant argues that the warrant affidavit does not establish Rivera's credibility, thus rendering it insufficient to show probable cause that Appellant committed the offense. We disagree.

Rivera was named in the affidavit and her statements were sufficiently detailed to suggest she had direct knowledge about the offense. *See Wilkerson v. State*, 726 S.W.2d 542, 545 (Tex.

Crim. App. 1986) (stating that affidavit containing information given by a named informant is sufficient if the information given is sufficiently detailed so as to suggest direct knowledge); *see also **Matamoros v. State***, 901 S.W.2d 470, 478 (Tex. Crim. App. 1995) (holding that a named witness who told police that Appellant confessed to killing victim and cutting himself was reliable because it showed direct knowledge of Appellant's culpability and police observed the cut on Appellant's hand). Although Appellant acknowledges that naming an informant in an affidavit weighs in favor of credibility, he cites ***State v. Wester***, 109 S.W.3d 824 (Tex. App.—Dallas 2003, no pet.) to support his argument that Rivera's arrest prior to her statements undermines her credibility. In ***Wester***, a named informant was found not to be credible because he was under arrest for possessing drugs that he claimed to have bought from the defendant and the probable cause affidavit provided no other independently verifiable facts. ***Wester***, 109 S.W.3d at 827. In this case, unlike ***Wester***, the affidavit does not suggest that Rivera was arrested for involvement in the robbery, nor does it implicate her as a suspect. To the contrary, the affidavit states that she was arrested during the course of the traffic stop for outstanding misdemeanor warrants from multiple agencies.

Furthermore, Rivera provided detailed information that was independently verifiable. *See **Davis***, 144 S.W.3d at 197. Rivera indicated that Appellant, Bellamy, and C Real arrived at her apartment the previous night around 2:00 a.m., which was consistent with Appellant's statements to officers during the traffic stop. She further told officers that they admitted robbing and almost shooting some Hispanic victims near Rivera's apartment. She indicated that Bellamy and Appellant arrived at her apartment in a silver Jeep around the same time that C Real arrived in a green Honda, which was consistent with the victims' observations. Officers found an older model silver Jeep in the parking lot of Rivera's apartment complex and the key inside her apartment. Additionally, officers located a hat, similar to the one described by the victims as being worn by Bellamy, in the Jeep. Officers noted that Rivera's apartment was a short distance from the crime scene and that Appellant matched the victims' physical description of the Jeep's passenger.

Thus, under the totality of the circumstances, we conclude that the facts outlined in the affidavit provided the magistrate with a substantial basis for concluding probable cause existed for Appellant's arrest. *See **Gates***, 462 U.S. at 236-237, 103 S. Ct. at 2331; *see also **Davis***, 144 S.W.3d at 196-197. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered May 24, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 24, 2017**

**NO. 12-16-00212-CR**

**MITCHELL JAMAL ANDERSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the Criminal District Court No. 4

of Tarrant County, Texas (Tr.Ct.No. 1425300D)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*